Estep and Others *v.* Burke and Another.

A joint demurrer by three parties to a complaint, which is good as to some of them, is bad as to all, and should be overruled, because a pleading, bad as to a part, is bad as to all the parties to it.

A complaint based upon a contract which is required, by the statute of frauds, to be in writing, should contain the original contract, or a copy of it, or an excuse for not containing either.

Where several notes are made payable at a bank, and are sold and assigned, by the payee, to the bank, and they fall due, and all the parties thereto, except the payee, in consideration of further time, execute and deliver to the bank their bill of exchange for the debt evidenced by the several notes, discharging the payee of the notes from all liability to the bank, the parties to such bill, in an action upon it, can not be allowed to inquire into the consideration of the notes.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*Burke* and *Kramer* sued *James Estep, Isaac Estep,* and *Nathan Druly,* upon a bill of exchange.

A joint demurrer was filed to the complaint, alleging that it did not contain a cause of action against a part of the defendants.

A pleading bad as to a part, is bad as to all. Hence, a demurrer by three, good only as to one, if taken separately, is bad as to all, being taken jointly.

A paragraph of the answer set up, in defense, an agreement, which the statute of frauds requires to be in writing, but was not accompanied either by the written agreement, or a copy of it, or an excuse for not furnishing one or the other. The paragraph was, also, utterly bad, on motion for uncertainty. The Court sustained a demurrer to it.

The facts in relation to the bill of exchange, are these: One *Harman Estep* rented of *Nathan Druly* a tract of land,

and gave his notes for the amount of the rent. *James* and *Isaac Estep* went upon the notes as sureties.

The notes were made payable at bank, and were sold and assigned by *Druly*, the payee, to the bank. When the notes fell due, *James Estep*, one of the sureties, proposed to the bank, that, if time could be given, he would assume the payment of the notes as principal, draw a bill of exchange for the amount of them, upon *Isaac Estep*, who would accept the same, and that it should then be indorsed by *Nathan Druly*, with which bill he would take up the original notes. This arrangement was executed, and *Harman*, the original debtor, ceased to be a debtor to the bank, but became such to *James Estep*, unless he had already advanced to him the amount of the notes. The bank was a *bona fide* purchaser of the original notes.

Under these circumstances, the defendants to the bill could not go into the original consideration of the notes, for the giving up of which the bill was drawn. A continuance was asked, to obtain inadmissible evidence, viz.: touching the consideration of the original notes, and was rightly refused.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*W. A. Bickle* and *C. H. Burchenal* for the appellants.
*John Yaryan*, for the appellees.