### Teter and Another *v.* Hinders and Another.

Where several defendants demur jointly to a complaint which states a good cause of action as against some of them, and not as against others, the demurrer should not be sustained.

The fraudulent representations of an agent, made in the course of
the business of his principal, bind the principal.

Before a party can be entitled to rescind a contract, he must offer
to place the other party to it in *statu quo.*

APPEAL from the *Clinton* Circuit Court.

WORDEN, J.—Action by the appellees against the appel-
lants to rescind a contract for the sale of real estate, on the
ground of fraud. Trial by the Court; finding and judg-
ment for the plaintiffs. A demurrer to the complaint was
overruled, and exception taken. This ruling presents the
first question for decision. One *Barnhizer* was made a de-
fendant, who acted as the agent of the defendant, *Teter*, in
making the contract; and it is objected that there is no
cause of action against *Barnhizer*, and that he should not
have been made a defendant. We express no opinion on
this point, as *Barnhizer* and *Teter* jointly demurred, and the
demurrer, not being well taken as to *Teter*, was correctly
overruled as to both.

The consideration for the sale of the real estate was cer-
tain promissory notes, and this is sufficiently set forth in the
complaint. The alleged fraud consists in false representa-
tions in reference to the character of the notes as to the
solvency of the makers, etc. It is objected that the com-
plaint is bad, because it does not allege that *Teter* was cog-
nizant of the worthless character of the notes. It is alleged
that *Barnhizer*, who was acting as *Teter's* agent, and who is
charged with having made the fraudulent representations,
had full knowledge, etc. This was sufficient. The repre-
sentations of the agent bind the principal. Bateman on
Civil law, sec. 575. The objections made to the complaint,
we think, are not well taken. But there is a fatal defect in
the evidence. In order to justify a recision, the plaintiff
should have tendered back the claims received, so as to have
placed the defendant in *statu quo*. *Wiley* v. *Howard*, 15 Ind.

169, and authorities there cited. Here a small part of the money had been collected by a justice, and receipted for by *Hinders*, and this was not tendered back to *Teter*. The claims traded for the land seem to have been evidenced by receipts of parties with whom they had been left for collection. A person acting for the plaintiffs took the papers to one *Wallace*, of Monticello, who picked out about four hundred dollars of the claims, stating that they were his receipts, and that he was entitled to them, and that he had collected the money and paid it over to *Barnhizer*. These receipts were retained by *Wallace*, and were not tendered back to *Teter*. Perhaps, had there been proof, on the trial, that these claims had been collected and paid, as stated by *Wallace*, that would have been a good reason for not tendering them back, but there was no such proof.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*J. N. Sims*, for the appellants.