THE CINCINNATI AND MARTINSVILLE RAILROAD COMPANY and Another *v.* PASKINS.

RAILROAD.—*Injury to Animals.—Pleading.*— In a suit against two railroad companies, the complaint charging that a horse was killed on the road of one of the companies, where the track was not securely fenced, by the cars of the other company, passing over the road in charge of the officers of the latter company;

*Held*, that the averments were not sufficient to charge either company with liability under the statute, as the railroad corporation owning the track was not shown to have authorized the use of its road; nor was the company owning the cars alleged to have been controlling or running the road in the corporate name of the corporation owning the road, either as lessees, assignees, receiver, or otherwise.

APPEAL from the Johnson Common Pleas.

DOWNEY, J.—The appellee sued the appellants, alleging in his complaint that on the 18th day of November, 1868, at and in Johnson county, Indiana, the Indianapolis, Cincinnati, and Lafayette Railroad Company, while running and propelling their locomotives and cars along and upon that part of the road of the Cincinnati and Martinsville Railroad Company which is situated in said county of Johnson, and without any fault or negligence of the plaintiff, ran over, crippled, and injured one horse, the property of the plaintiff, of the value of one hundred and fifty dollars, whereby said horse was damaged and rendered worthless; and that at the time and place when and where said horse entered upon said railroad track, and where said injury was inflicted, said road was not securely fenced in, and such fence properly maintained; wherefore, etc.

A demurrer to this complaint, in which both companies united, was filed by them and overruled by the court. This is the first ground of complaint against the action of the common pleas.

It is contended by the appellants that the complaint fails to show a cause of action against either of them; that it fails to allege a cause of action against the Cincinnati and Martinsville Company, because it does not allege that the cars by which the horse was injured were the cars of the said company, or of any other company running and controlling the road in the corporate name of that company, or that they were run with the consent, or even with the knowledge of that company; that so far as anything appears in the complaint, the Indianapolis, Cincinnati, and Lafayette Company may have been simply a trespasser on the road of the Cincinnati and Martinsville Company. And that it does not show a cause of action against the Indianapolis, Cincinnati, and Lafayette Company, because it does not state either that that company owned the road, or that it was running and controlling it in the corporate name of some other company owning it; that one or the other of these facts must exist, or the Indianapolis, Cincinnati, and Lafayette Company

is only liable for negligence; that as it is sought to fix upon the company a purely statutory liability, the complaint ought to show clearly and unequivocally the facts necessary to bring the case within the statute.

We think it is quite clear that the Cincinnati and Martinsville Company is not liable upon the facts stated in the complaint. It is not shown that that company leased its road to the Indianapolis, Cincinnati, and Lafayette Company, or had, in any way, consented to the use of its road by that company.

But the two companies having united in the same demurrer, if the complaint is good as to either of them, the demurrer was correctly overruled. *Teter* v. *Hinders*, 19 Ind. 93; *Estep* v. *Burke*, 19 Ind. 87. Was the complaint sufficient as to the Indianapolis, Cincinnati, and Lafayette Company?

The statute provides, "that lessees, assignees, receivers, and other persons, running or controlling any railroad in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act." 3 Ind. Stat. 413, sec. 1.

The subsequent sections provide for the manner of enforcing such liability. In *The Indianapolis and Madison Railroad Company* v. *Solomon*, 23 Ind. 534, it was held that where animals are killed by the train of another company running in its own name, and in its own behalf, and under its control, over a part of the track of the defendant, the owner of the road, under a contract for that purpose between the two companies, the company owning the road was liable under the statute.

But the exact question which is now presented has not, so far as we are aware, been decided by this court. In order to make the Indianapolis, Cincinnati, and Lafayette Company liable, jointly or severally, with the company owning the road, the Cincinnati and Martinsville Company, it must

have been running or controlling the road of that company, in the corporate name of such company, either as lessee, assignee, receiver, or otherwise. The complaint contains no allegation to this effect, and for this reason, we think, did not show any cause of action against the Indianapolis, Cincinnati, and Lafayette Company. If it had been alleged, which may be the fact for aught we know, that the Indianapolis, Cincinnati, and Lafayette Company was running the Cincinnati and Martinsville Company's road, in its name, under a lease from it, this would have rendered both companies liable, either jointly or severally, for the injury done. There seems to be no defect in the law in this respect, but simply a failure on the part of the pleader to make a case coming within the statute. We are not authorized to extend the liability of the company to cases not falling within the terms of the statute.

The demurrer to the complaint should have been sustained.

The other questions made relating to the action of the court in striking out a part of the answer, and the refusal to grant a new trial, need not be considered.

Judgment reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint, grant leave to amend, if desired, and for further proceedings.

*D. W. Howe*, for appellants.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.