## OWEN ET AL. *v.* COOPER.

PRACTICE.—*Review of Judgment.*—*Parties.*—A person who is not a party to an action, or an heir, devisee, or personal representative of a deceased party or otherwise in privity, cannot be affected by the judgment therein, and cannot sustain a proceeding to review the judgment.

PLEADING.—*Complaint for Review.*—A complaint for review must bring before the court a record of the proceedings and judgment sought to be reviewed. A reference to the proceedings sought to be reviewed is insufficient.

SAME.—*Cause of Action Perfected before Suit.*—A complaint by a party claiming an interest in real estate or the proceeds thereof, as heir of one taking an interest in the estate after the termination of a life estate, must show that the person in whom the life estate vested was dead before the commencement of the suit.

SAME.—*Complaint for Recovery of Money.*—A complaint that asks a judgment for an amount in money, as well as a review of a judgment, to which the plaintiff was not a party and by which he is not bound, may be sustained as a complaint for the recovery of money, though not good as a complaint for review.

PRACTICE.—*Joint Demurrer.*—Where two or more parties unite in demurring to a pleading, if the demurrer is not well taken as to all of them, it must be overruled as to all.

CONVEYANCE.—*Construction.*—*Remainder.*—*Trust Deed.*—Where, by the terms of a trust deed, a life estate is given to A., remainder for life or during widowhood to four females, B., C., D., and E., with remainder in fee to their children, the children of each to inherit and receive the share of their mother, the fee simple does not vest in B., C., D., and E.

SAME.—*Words.*—" *Children.*"—The word " children " in such case is not to be understood as a word of limitation. It is a word of purchase.

SAME.—" *Inherit.*"—The word " inherit," as used in such deed, indicates that the children shall take by families, and not as individuals.

SAME.—*Shelley's Case.*—The use of the word " children " in such deed does not bring the case within the rule in Shelley's case.

SAME.—*Vested Interest in Children.*—An interest in the lands, by virtue of the deed of trust, vested in the children of B., C., D., and E.

SAME.—*Remainder.*—*Contingency.*—The remainder in such case is not limited on a contingency which operates to abridge or destroy the particular estate. The contingency of death or marriage is in the particular estate, and not the remainder.

SAME.—*Vested Estate.*—The trust deed gave the children of C. a vested remainder, to take effect in possession upon the death or marriage of C.

SAME.—The death of F., a daughter of C., who was living at the time of the execution of the deed of trust, but who died before C., could not destroy or forfeit the estate of F., but at her death it descended to her son.

REMAINDER.—*Personal Property.*—A remainder may be created in personal property as well as in real estate.

PRACTICE.—*Joint Demurrer.*—*Assignment of Error.*—Where a joint demurrer of several defendants to a complaint, good as to a part of the defendants, is overruled and judgment is rendered on demurrer for the plaintiff, and there is *no separate assignment of error as to the sufficiency of the complaint,* no question is presented for review as to the right of the plaintiff to recover against all the defendants.

From the Posey Common Pleas.

*A. P. Hovey, G. V. Menzies,* and *E. D. Owen,* for appellants.

*J. Pitcher* and *H. C. Pitcher,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants, the object of which was to ascertain and assert the rights of the appellee under a deed of trust, executed by Robert Dale Owen, Mary Jane, his wife, David Dale Owen, and Caroline C., his wife, Richard Owen, and Anne Eliza, his wife, and Robert H. Faunleroy, and Jane Dale, his wife, parties of the first part, and John Cooper, William C. Pelham, and Elisha E. Morgan, trustees, of the second part, on the 18th day of November, 1844, the consideration for the conveyance moving or having moved from Robert Owen, the father of the grantors.

The deed conveys a large quantity of real estate, situated in Posey county, in this State, by its appropriate description, and the trust is declared as follows: "To have and to hold the said conveyed premises, with the appurtenances, unto the said parties of the second part and their heirs, and to their successors, if any such shall be appointed as hereinafter provided, as trustees, and in trust only, for the sole use, benefit, and behoof of the said Robert Owen, in his life rent, whom failing by death, for the joint and equal use, benefit, and behoof of the said Jane Dale, wife of the said Robert H. Fauntleroy, Mary Jane, wife of the said Robert Dale Owen, Caroline C., wife of the said David Dale Owen, and Anne Eliza, wife of the said Richard Owen, in life rent; and failing them, or any or either of them by death, or second marriage,

as hereinafter mentioned, for the use, benefit, and behoof of their children respectively, as hereinafter mentioned, in fee simple, and forever."

The trustees are then authorized and directed to sell the lands and invest the proceeds at interest, payable semi-annually. The deed then proceeds thus: " But also declaring that the said trustees and their successors, if any, are to hold the said sums of principal and interest thus derived from the lands hereby conveyed, for the use, benefit, and behoof of the said Robert Owen, in life rent, for his use during his natural life, only paying to him, the said Robert Owen, or his order, the termly payments of interest aforesaid semi-annually during the term of his natural life; and at and after his death, for the life rent use of the said Jane Dale Fauntleroy, Mary Jane Owen, Caroline C. Owen, and Ann Eliza Owen, in equal portions, during their natural lives, or first, if any, widowhood; only paying to them, the said Jane Dale, Mary Jane, Caroline C., and Anne Eliza, or their several orders, one-fourth each of the termly payments of interest aforesaid semi-annually during their natural lives or widowhood, if any, aforesaid; and in the event of the death or second marriage of any of them, then for the use and behoof of the children of the same, in fee and forever; the children to inherit and receive the mother's equal share at her death, or at her second marriage; and further declaring that the lands hereby conveyed, and the proceeds thereof when sold, shall not be subject to the *jus marite* of them, the said Robert H. Fauntleroy, Robert Dale Owen, David Dale Owen, or Richard Owen, or any of them, nor to their right of administration; nor be subject to nor be liable for their debts or deeds, but shall be applied, after payment of reasonable expenses of the sale of the lands aforesaid and the other expenses of the trusteeship, solely and exclusively, first, for the life rent use of the said Robert Owen, as aforesaid, and failing him by death, then for the life rent use of the said Jane Dale, Mary Jane, Caroline C., and Anne Eliza, in equal portions, as aforesaid; and failing them, or any of them by death or

second marriage, as aforesaid, for the use and behoof of their children as aforesaid, in fee and forever."

Provision is made for the appointment of new trustees by the grantees, in the event that it shall become necessary.

Provision is also made for the collection and application of the rents of unsold lands, by the trustees, etc.

The complaint is in two paragraphs, each of which was held good on demurrer thereto, alleging that it did not state facts sufficient to constitute a cause of action. The rulings of the court upon these demurrers are the alleged errors. There is a statement of a third error, that is, the rendition of judgment against the defendants.

In the first paragraph of the complaint, the execution of the trust deed is alleged, and that a copy of it is filed with and made part of the complaint; that two of the trustees, Pelham and Morgan, were dead, and that Cooper, the other, had resigned; that James Sampson and Richard S. Hornbrook were appointed trustees in manner and form as provided in said deed, and took upon themselves the duties of said trust and have continued to act as such to the present time; that since the execution of said deed Jane Dale and her husband, Robert H. Fauntleroy, have both died, and that said Jane Dale left surviving her her children, Constance, since intermarried with James Runcie, Ella Davidson, intermarried with George Davidson, and Arthur Fauntleroy; that David Dale Owen has died. It is then alleged that at the November term, 1869, of the Posey Common Pleas, Robert Dale Owen, Mary Jane Owen, and her children, Julian Dale, Rosamond Dale, and Ernest Dale Owen, Caroline C. Owen and her children, Alfred D. Owen, Anna M. Scheldt, William H. Owen, and Nena Dale Owen, Anne Eliza Owen, and her children, Eugene F. and Horace P. Owen, filed their petition and complaint *ex parte* in said court, praying the said court to order and decree a distribution of the personal property of the said trust estate among the children of Mary Jane, Caroline C., and Anne Eliza Owen, to wit, naming them as above.

It is further alleged that on the hearing of said petition the trustees James Sampson and Richard S. Hornbrook, were, by said court, ordered to pay to the children of the said Mary J., Caroline C., and Anne Eliza all the personal property of said trust estate, amounting to a large sum, to wit, thirty-eight thousand six hundred and forty-three dollars and ninety cents, being the proceeds from sales of lands and interest thereon, in accordance with the terms of said deed of trust; that said trustees Sampson and Hornbrook afterward, in pursuance of the order of said court so made, paid to Julian D., Rosamond D., and Ernest D. Owen, children of Mary Jane Owen, twelve thousand eight hundred and eighty-one dollars and thirty cents, to Alfred D. Owen, Anna M. Scheldt, William H. Owen, and Nena Dale Park, formerly Owen, children of Caroline C. Owen, the same amount, and to Eugene F. and Horace P. Owen, children of Anne Eliza Owen, the same amount; that since said decree Nena Dale Owen, one of said parties, has intermarried with one Charles A. Park, and that Mary Jane Owen, another of the parties to said suit, had died, leaving surviving her her children above named, and her grandchild, Robert Cooper, the plaintiff herein, who is the son of Florence Cooper, formerly Owen, who was the daughter of said Mary Jane Owen, and whose death occurred previously to that of the said Mary Jane Owen. He alleges that he was not a party to the said suit for partition and distribution, nor was he served with a summons nor notified in other lawful manner of the pendency of said suit; and further says that he is interested in the said distribution and partition as one of the beneficiaries, for whose use and benefit said deed of trust was made and executed; and that upon the death of his grandmother, the said Mary Jane Owen, he was entitled to take and receive the share of the said trust estate to which his mother, Florence Cooper, would have been entitled had she been living; and plaintiff further says, that at the date of the execution of said deed Robert Owen, Mary Jane Owen, and Florence Cooper were in being, and that the said Florence Cooper died intestate previous to the death

of said Mary Jane, her mother, leaving surviving her as her only heir at law the said Robert Cooper, plaintiff herein; and he further says that no administration has ever been granted upon the estate of the said Florence Cooper, and that there are no debts owing by said estate.    Prayer that the order and decree of said court of common pleas may be in all things revoked and set aside, and the proceedings opened and reviewed, and for all other proper relief.

The second paragraph of the complaint alleges the same facts substantially, and also that the judgment of the common pleas was wrongfully and fraudulently procured.    Reference is made to the proceedings in the common pleas, and a copy of the deed of trust is made part of this paragraph. It alleges that Robert Owen, Jane D. Fauntleroy, and Mary Jane Owen are dead, but does not state when or in what order of time they died, nor whether they died before or after the judgment in the common pleas.

This paragraph concludes with a prayer that the order of the common pleas may be set aside and vacated, and asks judgment against James Sampson, Richard S. Hornbrook, Robert Dale Owen, Julian D. Owen, Rosamond D. Owen, Ernest D. Owen, Caroline C. Owen, Alfred D. Owen, Anna M. Scheldt, William H. Owen, Nena D. Park, Ann Eliza Owen, Eugene F. Owen, and Horace P. Owen, for the sum of five thousand dollars, and for other proper relief.

Upon overruling the demurrer, the defendants declined to make any further defence, and judgment was rendered, vacating and setting aside the order and decree of the common pleas, and for three thousand six hundred and eighty-seven dollars and twenty-five cents, against James Sampson, Richard S. Hornbrook, Robert Dale Owen, Julia D. Owen, Rosamand D. Owen, Ernest D. Owen, Caroline C. Owen, Alfred D. Owen, Anna M. Scheldt, William A. Owen, Nena D. Park, Anne Eliza Owen, Eugene F. Owen, and Horace P. Owen.

As we understand the paragraphs of the complaint, both

of them seek to review and set aside the proceeding in the common pleas, by which the trustees were directed to pay over to the persons therein named the estate which was in their hands. The first paragraph of the complaint asks no other specific relief. To the first paragraph there seems to us to be several valid and fatal objections :

1. The plaintiff in this action was not a party to the action or proceeding, the judgment in which he seeks to review, nor is he, as to the estate in question, an heir, devisee, or personal representative of a deceased party. He does not claim as an heir, devisee, or personal representative of his grandmother, Mary Jane Owen, who was a party to the suit, but had a life estate only. But on the contrary, he claims that by the terms of the deed of trust his mother, Florence Cooper, took a vested remainder, which he inherited at her decease. He was not a party to the suit, nor was his mother.

One not a party to a judgment, and not claiming as heir, devisee, or personal representative of a deceased party, or otherwise in privity, cannot be affected by the judgment; and for this reason, it is a rule, that he cannot sustain a complaint to review the judgment. The rule is, that "any person who is a party to any judgment, or the heirs, devisees or personal representatives of a deceased party, may file in the court where such judgment is rendered, a complaint," etc. 2 G. & H. 279, sec. 586; *Cassel* v. *Case*, 14 Ind. 393.

2. The paragraph does not bring or profess to bring before the court a record of the proceedings and judgment sought to be reviewed. This is essential to the sufficiency of such a complaint. *McDade* v. *McDade*, 29 Ind. 340.

3. It does not appear from this paragraph of the complaint that Robert Owen, the party who, under the deed of trust, took the first life estate, was dead at the time of filing the complaint or commencing the action in this case. Until after his death, by the express terms of the trust, neither the four females named, nor their children, could take any interest under the deed, or maintain any action therefor.

For these reasons, we must regard the first paragraph of the complaint as clearly bad.

What we have said of the first paragraph of the complaint may be said also of the second paragraph, so far as it is to be regarded as a complaint to review the judgment of the common pleas. The mere reference in this paragraph to the record of the proceeding in the common pleas is insuffi-cient. If the court could be supposed to know what is con-tained in its records, or could examine the same, this court cannot do so. A copy of the proceedings and judgment should have accompanied the complaint, to comply with the rule in question.

But we have concluded that as the second paragraph is based upon the deed of trust, and prays for judgment for an amount in money, as well as for a review of the judgment of the common pleas, and as the appellee is not bound by the judgment, it may be sustained as a complaint for the recovery of money, although it is defective as a com-plaint to review the judgment.

The demurrer to this paragraph of the complaint is by all the defendants jointly, and hence we need not inquire whether or not a cause of action is shown against all the defendants. The rule is, that where two or more unite in demurring to a pleading, the demurrer must be well taken as to all of them, or it must be overruled as to all. If there is a cause of action shown against any of the defendants, the demurrer was correctly overruled.

The trustees, as well as the parties to whom the trust funds were paid by order of the common pleas, are made parties to the suit, and, as we understand the complaint, some other parties also. Assuming, then, that the proper parties are before the court, we shall proceed to examine and decide the main question discussed by counsel.

By the trust deed, a life estate in the use is given to Rob-ert Owen, remainder for life to the four females named, with remainder in fee to their children, the children of each tak-ing the share of their mother. There is no question as to

the effect of a second marriage of Mary Jane Owen, wife of Robert Dale Owen, she being dead and her husband still living, and there being no pretence that there was any second marriage.

The first position of counsel for the appellants is, that the word " children," in that part of the deed which limits the remainder in fee, is to be understood as a word of limitation, and that the fee simple vested in the four females taking the second life estate in the use. We do not think this is the proper construction of the instrument. In the *habendum et tenendum* clause of the deed, it is said : "And failing them, or any or either of them, by death or second marriage, as hereinafter mentioned, for the use, benefit, and behoof of their children respectively, as hereinafter mentioned, in fee simple and forever." This language describes the manner of holding the lands conveyed, and the interests therein. The part of the deed referring to the uses in the proceeds of the land when sold, so far as the children are concerned, is as follows : "And in the event of the death, or second marriage of any of them, for the use and behoof of the children of the same in fee forever, the children to inherit and receive their mother's equal share at her death, or at her second marriage." We do not think the word " inherit" used here can change the evident meaning and intention of the other words. It was used for the purpose of indicating the intention that the children of each of the women named should receive one-fourth of the estate, or in other words, that they should take by families, and not as individuals. The word " children" is not a word of limitation, but is a word of purchase. *Sorden* v. *Gatewood,* 1 Ind. 107; *Doe* v. *Jackman,* 5 Ind. 283; *Andrews* v. *Spurlin,* 35 Ind. 262.

The case is not brought within the rule in Shelley's case by the use of the word " children" to designate the persons who are to take the remainder.

Again, counsel for the appellants say :

" We see that in the deed under consideration the lands

are to be sold before the children can take anything. The complaint leaves us entirely without *data* upon which to rest any knowledge of the time when the land was converted into such shape as could go to the children. Now, if the intermediate estate had closed before the land was sold, there was no capacity then to take. Until the intervening circumstance in the nature of a precedent condition had occurred, until the property was in such shape as had been granted to the children, it could not vest. This not having been done in the lifetime of Florence Cooper, there was then no such property. Nothing can vest that has no existence."

We think it a mistake to suppose that no interest in the lands vested in the children of the four women who took the second life use. The use or estate in the lands, as well as in their proceeds, is clearly declared by the deed in favor of the children. But the complaint shows that the lands have been converted into money, and this fact would seem to render any further discussion of this point unnecessary, if under other circumstances there was anything in it.

Again, counsel say:

"It is said, Rev. Stat. 1843, p. 425, sec. 61, that ' a remainder may be limited on a contingency, which, in case it should happen, will operate to abridge or determine the precedent estate; and every such remainder shall be construed a conditional limitation, and shall have the same effect as such a limitation would have by law.'

"There is a 'contingency, which, in case it should happen, would operate to abridge,' and 'determine the precedent estate,' namely, the second marriage of Mary Jane Owen and the others. The effect of the deed is, that the remainder shall go to the children after the life estate of Mary Jane Owen and the others, but if they marry a second time it shall then ' terminate' their life estate, and the remainder shall go over. We have then a conditional limitation. A conditional limitation is not a vested remainder."

The remainder in this case is not limited on a contingency which operates or could operate to abridge or destroy the

particular estate. The contingency spoken of is in the particular estate, and not the remainder. The particular estate preceding the final remainder is, by its express terms, to continue only for the life or widowhood of the takers, and it cannot be said that a remainder which is to take effect in possession or use on the death or marriage of them or one or more of them operates to abridge or destroy the particular or precedent estate. The instance given by Kent in illustration of the rule contended for by counsel is this: "If there be a lease to A. for life, and if B. do a certain act, that the estate of A. shall then cease, and the remainder immediately vest in C., it is clear that the remainder will be void in that case." But if the position of counsel was correct, we do not see how it could benefit him in this case. The rule for which he contends applied to common law conveyances and followed from the maxim that none but the grantor and his heirs shall take advantage of a condition. But limitations in wills and in conveyances to uses, on such conditions, are good, as conditional limitations, or future or shifting uses, or executory devises; and upon the breach of the condition, the first estate, *ipso facto*, determines without entry, and the limitation over commences in possession. 4 Kent Com. 249, star paging; Rev. Stat. 1843, p. 425, sec. 61.

It is alleged in the second paragraph of the complaint, "that at the date of the execution of said deed, Robert Owen, Mary Jane Owen, and Florence Cooper were in being, and that the said Florence Cooper died intestate," etc. We regard the instrument in question as creating in Florence Cooper and the other children of Mary Jane Owen a vested remainder, to take effect in possession upon the death or second marriage of Mary Jane Owen. Counsel for appellant, after citing several authorities, comes to this conclusion, and insists upon it as the rule by which we should be governed in the decision of the case:

"It seems to us clear, both by the general rule of construction, and according to the intention of the grantors,

that, by this deed, a remainder is left to a class of unascertained persons, vesting in the class, and at the time of distribution going to the class as it then exists. And upon this principle we think rests the true ground for decision in the case."

We do not think there is any good ground for the conclusion that only those children of Mary Jane Owen who were or are living at the time of distribution can participate in the fund or estate. An estate is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment. It gives a legal or equitable seizin. A vested remainder is a fixed interest to take effect in possession after a particular estate is spent. 4 Kent Com. 202. The two events, either of which terminated the estate of Mary Jane Owen, that is, a second marriage or her death, must necessarily terminate her estate, at farthest, at the end of her natural life. Whenever that estate terminated, the estate in fee in remainder must take effect in possession and enjoyment. The estate in fee in remainder became vested at the execution of the deed, although its possession and enjoyment were postponed until the termination of the two successive life estates, that of Robert Owen and that of Mary Jane Owen. Florence Cooper, the mother of the appellee and child of Mary Jane Owen, having been in life at the date of the execution of the deed of trust, her death before the death of her mother did not have the effect to destroy or forfeit her estate, but, at her death, it descended to her son, Robert Cooper, the appellee. Robert Cooper, the appellee, does not take as a party to the deed of trust, as a child of Mary Jane Owen, and hence the question discussed by counsel, whether or not the word "children" used in the deed includes grandchildren or not, is foreign to the case. Robert Cooper takes by descent from his mother, Florence, and she took, with the other children of Mary Jane Owen, as a party to the deed of trust. A remainder may be created in personal property as well as in real estate, whatever may once have been the rule on that subject. 2 Kent Com. 352, star paging; 2 Bl. Com. 398.

Lastly, it is urged that the judgment is against parties not liable according to the facts shown in the complaint. It is said:

" Personal judgment is given against the distributees of the several branches of the family, for the amount adjudged by the court. The shares of all but the children of Mary Jane Owen would be just the amount they now are if the appellee had been let in in the original distribution. If any one has his money, it is Julian Dale, Rosamond Dale, and Ernest Dale Owen ; it is out of their shares his must come, if from any persons. The rest are all entitled to what they received, whatever may be the rights of the appellee."

There was no separate demurrer to the complaint by any of the defendants, as we have seen, but only a joint demurrer by all of them. There is no separate assignment of errors by any of them. They are all in the same vessel and must sink or float together. There was no answer by any one of them, no trial, no motion for a new trial, nor was the question in any way presented to the common pleas, whether they were all liable or not.

A joint demurrer by several parties to a pleading which is good as to some of them, but not as to all, should be overruled. A demurrer bad as to a part of those filing it must, as a general rule, be held bad as to all of them. *Estep* v. *Burke*, 19 Ind. 87 ; *Teter* v. *Hinders*, 19 Ind. 93 ; *Skeen* v. *Muir*, 34 Ind. 310; *The Cincinnati, etc., Railroad Co.* v. *Paskins*, 36 Ind. 380.

It is probably true that the children of Mary Jane Owen have received more than their share of the trust funds, in consequence of the exclusion of the appellee from any participation therein, but we can decide nothing on the point, for the reason stated.

That part of the judgment setting aside and overruling the judgment of the common pleas is reversed, and that part of it for the recovery of the sum of money mentioned is affirmed. Let each party pay one-half of the costs.