## The Pittsburgh, Cincinnati and St. Louis Railway Co. v. Bolner.

RAILROAD.—*Killing Stock.—Liability of Lessee.—Statute Construed.*—By the 1st section of the act of March 4th, 1863, (1 R. S. 1876, p. 751,) in relation to animals killed or injured on a railroad, it was intended, that, where a leased railroad is run or controlled by a lessee thereof, "in the corporate name of the owner," and not otherwise, such lessee should be liable, jointly or severally with such owner, for stock killed or injured on such railroad, by the cars, etc., thereof, at a place where the same is not, but ought lawfully to be, securely fenced.

SAME.—A railroad run or operated by a lessee thereof in its "own name" is not liable, under such statute, for stock so killed or injured.

SAME.—*Evidence.—Pleading.—Justice of the Peace.*—In an action commenced before a justice of the peace, against a railroad company, to recover for live-stock alleged to have been so killed or injured by the defendant's

The Pittsburgh, Cincinnati and St. Louis Railway Co. v. Bolner.

cars, on the defendant's road, where the same was not, but ought lawfully to have been, securely fenced, the defendant may prove, without plea, in bar of the action, that such road was, at the .time of such killing cr injury, owned by another railroad company, but was being run by the defendant, as lessee, in her own name.

From the Blackford Circuit Court.

*N. O. Ross*, for appellant.

*E. Pierce* and *W. March*, for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Blackford county, to recover the value of certain stock killed by the appellant.

From the judgment of the justice, the cause was appealed to the court below.

Appellee's complaint was in two paragraphs. The first paragraph was for killing a sheep, and the second paragraph was for killing a steer.

In both paragraphs, the appellee alleged, that the stock was killed at a point on appellant's railroad, where said railroad was not securely fenced in, but could and ought lawfully to have been fenced. In the court below, the cause was tried by the court; and the court found. for the appellee, assessing his damages at twenty-five dollars. On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and appellant excepted. And judgment was rendered upon the finding, in favor of the appellee and against the appellant.

In this court, the alleged error of the court below, assigned by appellant, is the overruling of appellant's motion for a new trial.

In this motion, the following causes were assigned by appellant for such new trial:

"1. The finding of the court is not sustained by sufficient evidence;

"2. The finding of the court is contrary to law;

"3. The damages are excessive;

" 4. The court erred in refusing to allow the defendant to prove, that the railway company, running and operating the railway on which the animals were killed, as charged in plaintiff's complaint, was not owned by the defendant, nor operated in the name of the owners thereof, but was running and operating said railway in its own corporate name, by a lease from the said owners of said railway for a term of years."

It appears by a bill of exceptions, which is properly in the record, that at the proper time the appellant offered to prove, " that at the time of the killing of the animals, complained of in the complaint of plaintiff, the defendant was not the owner of the railroad, on which said animals were alleged to have been killed, but that the said railroad then was, and still is, owned by the Columbus, Chicago and Indiana Central Railway Company; and this defendant was not, at the time of the killing of said animals, running and controlling said railroad in the name of the said Columbus, Chicago and Indiana Central Railway Company, but in the name of this defendant; to the introduction of which evidence, the plaintiff objected, which objections were by the court sustained, to which ruling of the court the defendant at the time excepted."

The important question in this case for our consideration is this: Was this offered evidence properly excluded by the court below? If it was, then, in our opinion, the finding of the court on the evidence admitted ought not to be disturbed, and the judgment must be affirmed. But if the court below erred in the exclusion of the evidence offered by appellant, then, for that cause, the judgment of that court must be reversed.

The appellee's causes of action against the appellant, as stated in his complaint, are purely statutory. If we had no such statute in this State, as the act entitled "An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other car-

riages of any railroad company in the State, and to enforce the collection of judgments rendered on account of the same, and to repeal all laws inconsistent therewith," approved March 4th, 1863, it is perfectly clear, that the facts stated in appellee's complaint would not give him any cause of action whatever.

It is provided by the first section of said act, as follows:

"That lessees, assignees, receivers, and other persons, running or controlling any railroad in the corporate name of such company shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act." 1 R. S. 1876, p. 751.

The plain meaning of this section is, that where a leased railroad is run or controlled by the lessee thereof, in the corporate name of the owner of such railroad, such lessee shall be liable, jointly or severally with such owner, for stock killed or injured, etc.

In this case, the evidence offered by the appellant, and excluded by the court below, would have tended to prove that the appellant was the lessee of the railroad on which the appellee's stock were killed, and were running and controlling said railroad, at the time said stock were killed, in the appellant's own corporate name, and not in the corporate name of the owner of said railroad.

If these facts were true, which the evidence offered tended to prove, the question arises, was the appellant liable to the appellee for the killing of his stock?

It is clear, we think, that the case thus made would not come within the plain language of the statute, and without the statute there was and could be no liability. The statute does not make every lessee of a railroad liable, in any event, for stock killed or injured on the line of the leased railroad which is not securely fenced; but it is the lessee, which runs and controls the leased railroad in the

576        SUPREME COURT OF INDIANA.

corporate name of the owner of such railroad, which is subjected to such liability.

In each of the paragraphs of appellee's complaint, the railroad on which his stock was killed is described as appellant's railroad.

As the action was commenced before a justice of the peace, the matter of defence relied upon by the appellant was admissible in evidence, without plea or answer.

Our conclusion is, that the evidence offered by the appellant, and excluded by the court below, was material and competent, and that, if the facts were as this evidence would tend to prove they were, the appellant would not be liable to the appellee, under the statute, for the killing of his stock, as alleged in his complaint. *The Cincinnati, etc., R. R. Co.* v. *Paskins,* 36 Ind. 380; *The Cincinnati, etc., R. R. Co.* v. *Townsend,* 39 Ind. 38.

For the reasons given, in our opinion the court below erred, in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded for a new trial, and for further proceedings.

Opinion filed at May term, 1877.

Petition for a rehearing overruled at November term, 1877.