THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. Co. v. HANNON.

RAILROAD.—*Killing Stock.*—*Complaint.*—In an action under the statute, against a railroad company, for killing stock, the complaint must, to be sufficient, clearly allege, that the killing complained of was done by the defendant's locomotive or cars.

SAME.—*Railroad run by Lessee in its own Name.*—Where a railroad is run and operated by a lessee, not in the name of the company, but in its own name, it is not liable, under the statute, for stock killed by it.

From the Grant Circuit Court.

*N. O. Ross*, for appellant.

HOWK, J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Grant county, Indiana, to recover the value of twenty-two sheep. Omitting the venue and title of the cause, and the signature of counsel, the appellee's complaint was as follows:

"Said plaintiff, Audley M. Hannon, complains of the Pittsburgh, Cincinnati and St. Louis Railroad Company, and says, that, on or about the — day of ————, 1875, at the county of Grant, and State of Indiana, by their agent operating and running a locomotive and train of cars on said company's railroad, in Grant county and State of Indiana, run upon and over twenty-two head of sheep, belonging to the plaintiff, whereby said sheep were then and there killed. Plaintiff avers, that at the place where said sheep were so killed was not at any road-crossing, nor at or

along any side-track, or along any switch belonging to said railroad company. Plaintiff avers, that at the place where the said sheep went upon said railroad track, and were so killed, said railroad was not fenced. Plaintiff further avers, that said sheep were of the value of two dollars and fifty cents each, and of the aggregate value of fifty-five dollars, which amount is due from said railroad company to this plaintiff, and wholly unpaid. Wherefore plaintiff demands judgment for sixty dollars, and all other proper relief."

The appellant, on appeal, moved the court below to dismiss the case, for the want of a sufficient cause of action, which motion was overruled, and to this decision the appellant excepted. The cause was tried by a jury, and a verdict was returned for tne appellee, assessing his damages at the sum of fifty-five dollars. The appellant's motion for a new trial was overruled, and to this decision appellant excepted; and the appellant's motion in arrest of judgment having also been overruled, and an exception saved to this decision, judgment was rendered on the verdict by the court below.

In this court the appellant has assigned as errors the following decisions of the court below:

1. In overruling its motion to dismiss the case for the want of a sufficient cause of action;

2. In overruling its motion for a new trial; and,

3. In overruling its motion in arrest of judgment.

The first and third of these alleged errors may properly be considered together, for they alike call in question the sufficiency of the appellee's complaint. By the 1st section of "An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other carriages of any railroad company in this State," etc , approved March 4th, 1863, it is provided," That lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company shall be liable, jointly or severally with such com-

pany, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act." 1 R. S. 1876, p. 751.

On the face of the appellee's complaint, it is evident that he intended to bring this action under and according to the provisions of said act. The question for decision, therefore, is this: Are the facts stated in the appellee's complaint sufficient to constitute a cause of action, under the statute? It is very clear, we think, that this question must be answered in the negative. The complaint utterly fails to show, that the appellant, by its agents and employees, had any thing whatever to do with the killing of the appellee's sheep, or that the locomotive and train of cars, mentioned in appellee's complaint, were the appellant's locomotive and cars, or who or what it was that run upon and over the appellee's sheep. The complaint in this case is very similar in its averments, or rather its lack of necessary averments, to the first paragraph of the complaint in the case of *The Pittsburgh, etc., Railway Company* v. *Troxell*, 57 Ind. 246, of which paragraph it was said, by BIDDLE, J., in delivering the opinion of the court, that, " With all the liberality extended toward the construction of pleadings before justices of the peace, we can not hold the first paragraph of this complaint sufficient." See, also, the authorities there cited.

In our opinion, the court below erred, in overruling both the appellant's motion to dismiss the action, and its motion in arrest of judgment.

The conclusion we have reached in regard to the first and third errors renders it almost unnecessary for us to consider the second error assigned by the appellant. On two grounds, however, it seems clear to us, that the evidence entirely failed to sustain the verdict of the jury.

1. It was alleged in the complaint, that the railroad mentioned therein was owned by the appellant. The only evidence offered on this point showed conclusively, that

the railroad in question was owned by "The Columbus, Chicago and Indiana Central Railway Company."

2. It clearly appeared in evidence, that, at the time and place when and where the appellee's sheep were killed, the appellant was running and controlling the railroad of another railroad company as the lessee thereof, not in the corporate name of said other company, but in the appellant's own corporate name. In such a case, it has been repeatedly held by this court, that, under the section of the statute above cited, which section was then in force, the lessee of a railroad was not liable for stock killed or injured thereon. *The Pittsburgh, etc., Railway Company* v. *Bolner*, 57 Ind. 572, and the authorities there cited.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion to dismiss the appellee's action.