The Cincinnati, Hamilton and Dayton R. R. Co. v. Bunnell.

---

## THE CINCINNATI, HAMILTON AND DAYTON R. R. CO. v. BUNNELL.

RAILROAD.—*Stock Killed.*—*Erroneous Evidence.*—In an action against a railroad company, to recover, under the statute, for the value of stock alleged to have been killed by the defendant's cars on its railroad, where the same was not, but ought to have been, securely fenced, it is error to admit evidence that such killing had been done by the defendant's cars on the railroad of another company.

SAME.—*Improper Amendment of Complaint.*—It is also error to permit the plaintiff, over the objection of the defendant, to so amend his complaint as to conform to such erroneous evidence, where such action is commenced in the circuit court.

SAME.—*Railroad Run in Lessee's Name.*—A railroad company, running the railroad of another company in the name of the former, is not liable, under the statute, for stock killed on such railroad.

From the Union Circuit Court.

*A. M. Sinks*, for appellant.

*R. Conner* and *R. A. Durnan*, for appellee.

PERKINS, J.—Suit to recover for stock killed.

The complaint was by William Bunnell, the appellee, against the Cincinnati, Hamilton and Dayton Railroad Company, and charged, that the defendant, by its employees and agents, while running a locomotive and train of cars over said defendant's railroad, in Fayette county, Indiana, on, etc., said locomotive and train of cars struck and killed one horse in Fayette county, Indiana, at a point where said road was not fenced, etc., the property of the plaintiff, of the value of two hundred dollars. Wherefore, etc.

Demurrer to the complaint overruled, and exception entered.

The cause went on change of venue to Union county.

Answer, the general denial.

Trial by the court.

The plaintiff failed to prove that his horse was killed on any road owned by the defendant. He proved, incidentally, that it was killed on the Cincinnati, Hamilton and Indianapolis Railroad, and he was erroneously permitted, over the objection of the defendant, to give evidence tending to show that the Cincinnati, Hamilton and Dayton Railroad Company was running the Cincinnati, Hamilton and Indianapolis Railroad in its own name. We say this evidence was erroneously admitted, because there was no issue in the cause to which it was applicable.

After the plaintiff had closed his evidence in chief, having failed to prove the case made in his complaint, but having erroneously been permitted to give some evidence tending to prove a different case, counsel for the plaintiff " asked leave to amend his complaint by inserting an additional allegation in these words, viz.: 'Running and controlling the Cincinnati, Hamilton and Indianapolis Railroad.' "

The defendant objected for various reasons, but the

court, not heeding the objection, granted the leave to amend; the amendment was made, the defendant excepted, and the trial of the cause proceeded to its final termination.

This amendment was permitted, that the allegations in the complaint might conform to the evidence which had been admitted, over the objection of the defendant. See 2 R. S. 1876, pp. 80, 81, secs. 94, 95, 96.

But, as it was to obviate a failure of proof, not a variance, the amendment was not authorized by the statute. See sections of the statute above cited.

The pleader introduced the amendment with a view to making a complaint under the 1st section of the act touching railroads, approved March 4th, 1863. 1 R. S. 1876, p. 751. But we think he failed in accomplishing his purpose. This suit was not commenced in a justice's, but in a superior court, and the pleadings must conform to the rules governing pleadings in such courts. The complaint as amended reads, as to the material allegations, thus:

" The plaintiff complains of the Cincinnati, Hamilton and Dayton Railroad Company, running and controlling the Cincinnati, Hamilton and Indianapolis Railroad, and says, that the Cincinnati, Hamilton and Dayton Railroad Company, by its employees and agents, while running a locomotive and train of cars over said defendant's (the Cincinnati, Hamilton and Dayton Company's) railroad, in Fayette county, Indiana, struck, by said train, and killed, one horse," etc.

It is not alleged, that the horse was killed on the Cincinnati, Hamilton and Indianapolis Railroad, nor that the defendant was running that road in its own name. The amended complaint fails to meet the requirements of the 1st section of the statute of 1863, as we proceed further to show.

Before the enactment of said section, a railroad company on whose road stock was killed was liable for the stock so killed, though said company did not run

the road and kill the stock. *The Indianapolis, etc., Railroad Co.* v. *Solomon*, 23 Ind. 534.

The section referred to was enacted to remedy an evil; to arrest the continuance of a mischief. " The mischief was that the roads of many insolvent corporations were in the hands of receivers, assignees, lessees, or others, who were operating the same in the corporate name, and killing stock; and in such cases a judgment against the corporation could never be collected. To remedy this mischief, the first section of the act of 1863 makes the party so operating the road in the corporate name, jointly and severally liable with the company which owns the road." *The Indianapolis, etc., R. R. Co.* v. *Solomon*, 23 Ind. 534.

In the case before us, the Cincinnati, Hamilton and Indianapolis Railroad Company, the company on whose road the plaintiff's horse was killed, and which company would have been liable under the statute, is not sued, but another road which, the amendment to the complaint alleges, was running said road; but the simple fact, that it was running the road on which said horse was killed did not render that road liable. The statute reads, " That lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company, shall be liable," etc.

The fact, that the road is run " in the corporate name of such company," is a fact material to the right of recovery. *The Pittsburgh, etc., R. W. Co.* v. *Bolner*, 57 Ind. 572; followed in *The Pittsburgh, etc., R. W. Co.* v. *Hannon*, 60 Ind. 417, and *The Pittsburgh, etc., R. W. Co.* v. *Currant, ante*, p. 38. And it can scarcely be necessary that we repeat the rule, that all facts " essential in law to the action must be stated with such precision, certainty, and clearness, that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea," etc. 1 Chit. Pl. 270, 16th Am. ed.

See *The Cincinnati, etc., R. R. Co.* v. *Paskins*, 36 Ind. 380; *The Cincinnati, etc., R. R. Co.* v. *Townsend*, 39 Ind. 38.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.