Cincinnati, Hamilton and Dayton Railroad Company *v.* Leviston.

Filed Oct. 28, 1884.

* * *

### No. 11,468.

### CINCINNATI, HAMILTON AND DAYTON RAILROAD COMPANY *v.* LEVISTON.

BILL OF EXCEPTIONS.—*Change of Venue.*—A bill of exceptions filed in a court to which the venue is changed will not save an exception taken in the court from which the venue is changed, though the same judge preside in both courts.

RAILROADS.—*Killing Animals.—Complaint.—Name.*—In a complaint against a railroad company for killing animals while operating the road of another company, it is not necessary under the statute, R. S. 1881, section 4025, to allege in what name the road was being operated.

TRANSCRIPT.—Reference in a transcript, for documents, to a bill of exceptions not in existence until after the ruling concerning the documents, is not sufficient.

From the Fayette Circuit Court.

*R. D. Marshall* and *T. D. Evans*, for appellant.
*J. W. Connaway* and *J. R. Mitchell*, for appellee.

BLACK, C.—The appellee brought this action before a justice of the peace of Union county against the appellant, to recover the value of certain animals owned by the plaintiff killed by the defendant's trains, the places at which the animals entered upon the railroad track not being securely fenced. Judgment upon default was rendered against the defendant for $70.

Cincinnati, Hamilton and Dayton Railroad Company *v.* Leviston.

The defendant appealed to the Union Circuit Court, and there entered a special appearance, and moved to quash the summons and return. This motion having been overruled, the defendant demurred to the complaint, and the demurrer was overruled. Upon the defendant's application, the venue was changed to the Fayette Circuit Court, where a trial by jury resulted in a verdict for the plaintiff for the same amount. A motion made by the defendant for a new trial having been overruled, judgment was rendered on the verdict.

The appellant has assigned as errors, and discussed in argument, the overruling of the motion to quash the summons and return, the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

The motion to quash was overruled on the 13th of June, 1882, and the Union Circuit Court then gave sixty days' time " from day of trial" to file a bill of exceptions. The trial was had on the 16th and 17th of October, 1883, in the Fayette Circuit Court. The motion for a new trial, made the next day, was overruled on the 23d of October, 1883, and the court then gave sixty days from that date in which to file a bill of exceptions. There is in the record but one bill of exceptions, which was presented to the judge and signed on the 13th of December, 1883, and filed on the 17th of the same month. This bill contains the summons and return, and the written motion to quash, and states the ruling and exception thereto.

To present to this court an exception to the overruling of this motion, it was necessary that the grounds of the motion should be shown by proper bill of exceptions. *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315, and cases there cited. In *Lansing* v. *Coats,* 18 Ind. 166, it was said that the time fixed by the court for the filing of the bill of exceptions should be definite and reasonable.

The manner of giving time adopted by the Union Circuit Court in the case at bar would sometimes lead to great uncertainty and vexation, and it is certainly not commendable. Whether it may be permitted we need not here decide, for the

exception to the decision of the Union Circuit Court could not be preserved by a bill filed in the Fayette Circuit Court, though the same judge presided in both courts. *McMahan* v. *Spinning*, 51 Ind. 187. The ruling upon the motion to quash is, therefore, not before us.

The complaint was in three paragraphs. In the title the parties were named as follows: " William R. Leviston *v.* The Cincinnati, Hamilton and Dayton Railroad Company, operating the Dayton, Michigan, Cincinnati, Richmond and Chicago, and Cincinnati, Hamilton and Indianapolis Railroads."

The first paragraph was as follows: " William R. Leviston, plaintiff, complains of the Cincinnati, Hamilton and Dayton Railroad, operating the Dayton and Michigan, Cincinnati, Richmond and Chicago, and Cincinnati, Hamilton and Indianapolis Railroads, defendant, and for cause of complaint says that the defendant, on the 20th day of June, 1881, and ever since, and now is operating, running and controlling the Cincinnati, Hamilton and Indianapolis Railroad, and that while said defendant, by her agents and employes and servants, was engaged in running, controlling and operating that portion of the defendant's road through the county of Union, in the State of Indiana, to wit, on the 20th day of June, 1881, within said county of Union and State of Indiana, run one of her locomotives and train of cars attached thereto, against and over one sow hog, then and there and thereby killing and destroying said hog, then the property of the plaintiff, in the sum of twelve dollars; and that the said damage and killing of said animal did not result from the negligence and carelessness of the plaintiff; and that at the time and at the place when and where said animal entered upon the grounds and railroad track so run, controlled and operated by the defendant as aforesaid, was not securely fenced, and said fence maintained as and by the statute law of the State of Indiana in such case made and provided. Wherefore," etc.

The second paragraph charged the killing of the plaintiff's heifer, of the value of $40, on the 8th of September, 1881.

The third paragraph charged the killing of his two hogs, each of the value of $9, on the 11th of February, 1882. The second paragraph named the defendant as " The Cincinnati, Hamilton and Dayton Railroad Company, operating," etc. ˙ Otherwise the second and third paragraphs were like the first.

While in each paragraph the place at which the killing was alleged to have been done was spoken of as being on a portion of the defendant's road, yet each paragraph, taken as a whole, must be construed, we think, as charging that the killing therein alleged was done on the Cincinnati, Hamilton and Indianapolis Railroad, which at the time was being operated, run and controlled by the defendant.

It is contended on behalf of the appellant, that, to make the complaint state a cause of action against the appellant, it was necessary to allege in what name the appellant was operating, running and controlling the Cincinnati, Hamilton and Indianapolis Railroad.

Prior to March 4th, 1863, there was no liability, and no action would lie, for the killing or injuring of animals by the locomotives, etc., run on a railroad, on the ground that the railroad was not securely fenced, except against the railroad company owning the road; so that if that company were insolvent and in the hands of a receiver, assignee, lessee or other person or corporation operating the road, a judgment for the killing of animals, such as could be obtained on the ground that the road was not fenced, could not be collected. *Indianapolis, etc., R. R. Co.* v. *Solomon*, 23 Ind. 534.

At the date mentioned, a statute was enacted (1 R. S. 1876, p. 751), the first section of which provided as follows: " That lessees, assignees, receivers, and other persons, running or controlling any railroad, *in the corporate name of such company*, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act."

The second section provides: " That whenever any ani-

mal or animals shall be or shall have been killed or injured by the locomotives, cars, or other carriages used on any railroad in, or running into or through this State, *whether the same may be or may have been run and controlled by the company, or by the lessee, assignee, receiver or other person,* the owner thereof may go before some justice of the peace of the county in which such killing or injuring occurred, and file his complaint in writing, and such justice shall fix a day to hear said complaint, and shall cause at least ten days notice to be served on the *railroad company,* by the service of a summons by copy *on any conductor of any train* passing into or through said county." Provision is made in this section for the bringing of the action in the court of common pleas, or the circuit court, or before a justice, if the injury amounted to more than fifty dollars.

The next section provides, that if the complaint be filed in the court of common pleas, or in the circuit court, the summons shall be served by the sheriff *" on the railroad company defendant,"* and that the "summons may be served by copy *on any conductor on any train* on said road passing into or through said county."

The fourth section is as follows: "The action may, *in all cases contemplated by this act,* be brought against the railroad as defendants, whether the same is or was being run by the company or by a lessee, assignee, receiver, or other person in the name of such company."

The fifth section, after providing for the giving of judgment for the plaintiff without reference to the question whether the killing or injury was the result of wilful misconduct or negligence, or the result of unavoidable accident, proceeds to provide that if the case be one commenced in the common pleas or circuit court, the court shall, on motion of the plaintiff, on the rendition of judgment, or afterwards, at any time when notice of the motion has been served on the *railroad company* defendant, as there directed, order a writ to issue, directed to the sheriff, for any agent, conductor, employe of

such railroad company, or of the lessees, receivers or assignees of such company, named in the motion, to appear and answer under oath as to the amount of money in their hands, if any, belonging to such company, or to such assignees, lessees or receivers, and as to the probable amount of money received by such agents, conductors or employes belonging to such railroad company, lessees, assignees or receivers; and provision is made for the making of an order by the court for the payment of such money into the clerk's office of the court.

The next section provides, that any person obtaining judgment before a justice for animals so killed or injured, may file a transcript in the clerk's office, and may, upon notice and motion, have the order and proceeding provided for in the fifth section.

The seventh section provides, that the act " shall not apply to any railroad securely fenced in, and such fence properly maintained by such company, lessee, assignee, receiver, or other person running the same."

The eighth section provides, that any agent, conductor or employe who shall refuse or neglect to perform or obey the order of the court as specified in the act, shall be deemed guilty of contempt, and fined, to which imprisonment may be added.

This statute of 1863 is still in force, except its first section, which has been amended. Before considering the amendment, we will examine the statute as it was before the amendment.

It will be observed that the statute contemplated liability of the company owning the road, and also of any lessee, assignee, receiver or other person running the road in the corporate name of such company. To enforce the liability of any of these, that is, " in all cases contemplated by this act," the action might be brought against the " railroad as defendants,"—this whether the railroad " is or was being run by the company or by a lessee, assignee, receiver, or other person in the name of such company." It was only necessary to name as defendant the railroad company owning the road. Under the judgment obtained

against such defendant, that company, and also any lessee, assignee, receiver, or other person running the road in the corporate name of the company, would be liable; and a mode was provided of enforcing that liability by an order obtained on notice served on the railroad company defendant.

The whole proceeding for relief, including the manner of serving the summons and the mode of enforcing satisfaction of the judgment, was provided for by the statute.

The owner of the animal killed or injured was not required to learn before suing whether the railroad was run by the railroad company owning the road, or by a lessee or other person. He needed only to bring his action against that company; but he could not under the statute render liable any lessee, etc., except one running the road in the corporate name of that company. It was not necessary for the plaintiff, in his complaint against the railroad company owning the railroad, to allege that it was running the road in its corporate name, or how, or by whom, or in what name it was run, in order to render liable to the judgment obtained any lessee, etc., running the road in the corporate name of such company. See *Pittsburgh, etc., R. W. Co.* v. *Hunt,* 71 Ind. 229. A suit would not lie, under the statute, against a railroad company not owning the railroad, and not running it in the corporate name of the company that owned it, but running it in its own name. *Pittsburgh, etc., R. W. Co.* v. *Bolner,* 57 Ind. 572; *Cincinnati,etc., R. R. Co.* v. *Bunnell,* 61 Ind. 183; *Pittsburgh, etc., R. W. Co.* v. *Currant,* 61 Ind. 38; *Pittsburgh, etc., R. W. Co.* v. *Hannon,* 60 Ind. 417. And when a complaint did not allege that a defendant shown by the complaint not to be the owner of the railroad was running or controlling it in the corporate name of the company owning it, such complaint was held to be insufficient as against such a defendant. *Cincinnati, etc., R. R. Co.* v. *Paskins,* 36 Ind. 380; *Jeffersonville, etc., R. R. Co.* v. *Downey,* 61 Ind. 287.

The first section of said act of 1863 was amended by the act of March 14th, 1877 (R. S. 1881, section 4025), which pro-

vides: "Any railroad corporation, lessee, assignee, receiver, and other person or corporation, running, controlling, or op- erating any railroad into or through this State, shall be liable, jointly or severally, for stock killed or injured by the locomo- tives, cars, or other carriages run on such road, in the name in which the road was run or operated at the time, to the extent and according to the provisions of this act; and the bills of lading usually issued at any railroad station in the county in which such stock was killed or injured shall be *prima facie* evidence as to the character or name in which said railroad was owned, held, controlled, or operated." The statute contemplates the bringing of the action against the railroad company owning the railroad, as defendant, when, and only when, the road is or was being run by that company, or by a lessee, assignee, receiver or other person, in the name of such company. Sec- tion 4028, R. S. 1881.

When the name in which the defendant is sued is the name in which the road was run or operated at the time of the killing or injury, any person or corporation running, con- trolling or operating the road is liable. The owner of the animal need not be perplexed or misled as to the character in which the person or corporation running the road was do- ing so, or be in doubt as to the proper party defendant. He may proceed against a defendant by the name in which the road was run, of which the usual bills of lading will be *prima facie* evidence; and under a judgment obtained against the defendant in that name, the plaintiff may enforce the lia- bility of any person or corporation running, controlling or operating the railroad, "to the extent and according to the provisions of this act."

We think that while the complaint should be examined with a view to the fact that the proceeding is wholly statu- tory, yet the statute should be construed liberally with refer- ence to the remedial purpose of the amendment of 1877, and with a view to the fact that the statute provides for the bring- ing of such actions before justices of the peace. We do not

think it necessary, in a complaint against a railroad company showing that the defendant was running, controlling or operating another railroad on which the killing or injury was done, to allege that such road was run or operated in the name of such defendant, or to allege in what name it was run or operated.

Each paragraph of the complaint showed sufficient facts. The only ground stated in the demurrer and insisted upon here, other than want of facts, was want of jurisdiction of the person of the defendant. It is contended that the complaint, was subject to demurrer on this ground because, as is claimed, it showed that the animals were killed by the Cincinnati, Hamilton and Indianapolis Railroad Company. We see nothing in this worth discussion. The demurrer was properly overruled.

Counsel for appellant urge that the court erred in permitting certain witnesses to answer certain questions, but they have not indicated in what part of the record we may find such action of the court.

It was assigned as cause in the motion for a new trial, that the court erred in permitting the plaintiff to read in evidence certain papers which are not set out in the motion, but references have been made by the clerk in parentheses to the places where they may be found in the bill of exceptions, which was not in existence until long after the overruling of the motion. No question concerning these rulings is before us. *Burns* v. *Thompson*, 91 Ind. 146.

The refusal of the court to give the jury a certain instruction at the request of the defendant, and the giving of a certain instruction by the court of its own motion, were assigned as causes for a new trial. These instructions do not appear in the transcript except in the motion for a new trial. They could not thus be made parts of the record.

That the verdict was not sustained by sufficient evidence, and that the damages assessed were excessive, were the only other grounds for a new trial which have been pressed here by

·counsel. It can not be profitable to extend this opinion by stating the evidence. We have examined, and find that the verdict was sustained by the evidence, and that the damages were not excessive.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the costs of appellant.

