HALL *v.* PALMER and Others.

In an application for a review of a judgment upon default, upon the ground of want of jurisdiction over the person, if the record of the former trial shows *prima facie* that a summons was issued and served in due time on the party applying for the review, and no facts are specially alleged controverting the same, the complaint will be bad on demurrer, notwithstanding a general allegation of such want of jurisdiction.

Applications to review judgments, under the 28th article of the code, can not be sustained upon the ground of newly discovered evidence, that being a ground for a new trial only, but may be sustained on the ground of "material new matter," discovered since the rendition of the former judgment, which new matter must consist of some fact or facts affecting the claim or defence, rather than mere evidence of facts.

APPEAL from the *Lagrange* Circuit Court.

HANNA, J.—More than two years after the rendition of a judgment, in said Court, against said *Hall*, he filed his complaint for a review of the same, alleging two grounds: 1. Error of law appearing in the record, and, second, newly discovered evidence. In the former suit, judgment had been suffered by default. The suit was upon a promissory note, and the defence now sought to be set up, and evidence offered, is to establish that said note was a forgery, or executed through mistake. The names of the witnesses by whom these facts are to be proved, are not given, nor the substance of the testimony of each. It is, perhaps, sufficiently shown, that due diligence had been used by the said *Hall* to produce evidence at the former hearing in support of the defence now proposed to be offered, and of which he was then apprised. There is nothing alleged showing that the *fact* that he was entitled to such defence was not then known to him: only that he could not then, but can now, produce evidence to sustain it. A demurrer was sustained to the complaint.

Hall *v.* Palmer and Others.

This was correct as to the first paragraph, because, although it is averred that error of law occurred, and was apparent, in this, that the Court had no jurisdiction of the person of the defendant, yet as the record of that proceeding is made a part of the complaint, and it thereby, *prima facie*, appears that a summons was issued and served in due time upon said defendant, and no facts are specially alleged controverting the same, if it could be done, we are of opinion the exhibit thus presented should govern rather than the general allegation in the complaint.

As to the second paragraph or cause for a review, our statutes are somewhat peculiar. The article numbered 28, and entitled, "Proceedings to review Judgments," 2 R. S. 165, provides, in the first section, as to the parties by whom, and the time within, and Court before, and form in which an application shall be made. The next section is, that:

"The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof or for both causes, without leave of Court."

The next section provides, that for this second cause the complaint shall be verified, and show that the new matter could not be discovered by reasonable diligence before judgment, &c. It is then enacted, that "the defendant shall have notice," and issues of law and fact shall be formed as in other cases; and upon the hearing, the Court may reverse or affirm the judgment, in whole or in part; or modify the same.

This statute, considered alone, might make it doubtful whether or not the phrase, "material new matter," should be so construed as to admit an application based upon newly discovered evidence, to sustain a defence set up, or known to exist, at the former trial. If this should be the construction, it would be, in effect, merely an extension, by statute, of the time in which, according to the rules formerly governing the

Hall *v.* Palmer and Others.

practice, an application should be made for a new trial, for the cause alleged. But it appears to us, this had already been provided for in a former part of this same code of procedure, under the head of "New Trials," *id.* p. 117–19, where it is expressly provided that a new trial may be granted for specified causes to the number of eight, the seventh being newly discovered evidence, but that the application shall be made at the term the verdict or decision is rendered. The same statute, sec. 356, p. 119, then provides the mode of proceeding "when causes for new trial are discovered after the term," &c.—that a complaint shall be filed, and summons issued within a year, and the application shall be summarily decided by the Court, upon the evidence produced by the parties. *Allen* v. *Gillum,* 16 Ind. 235. This latter section evidently has reference to the same causes before enumerated for a new trial, among which we do not find specially named, a new cause of defence not known at that trial. If an application could be entertained under any of the eight specifications, for such causes, it could only be because of the implied power to do so, not from the direct authority derived from the statute. There is no direct authority here conferred upon the Court, to permit the issues to be changed, or others formed, to let in a new defence when discovered. By the statute first referred to, such a contingency is provided for. Sec. 590, p. 166. By the statute regulating new trials, the Court can do nothing but grant or refuse a new trial; that is, strictly speaking, so far as such statute stands alone, another trial of the issues of fact before tried. We are not now examining any general power of the Court aside from its duties prescribed by this statute. By the statute regulating proceedings to review, &c., not only new issues of fact, but also of law, may be formed, and we suppose, as a consequence, may be tried by the proper triers, and the judgment formerly rendered, may be reversed or affirmed, in whole or in part, or modified. For instance,

if the new defence interposed, should affect a part only of the demand upon which the recovery was had, and should be sustained by the evidence offered, in the opinion of the triers, the Court would that far modify the judgment; if it went to the whole demand, the judgment should be changed, that is, reversed; if it failed as to all parts, then such judgment would be affirmed.

The strongest reasons that present themselves to our minds, justifying a conclusion that would permit a review for newly discovered evidence, are, that the statute requires the application to be made to the same Court in which the judgment was rendered, and permits it to be so made in three years. This would be an extension of the time to search for and obtain such testimony for two years beyond that granted by the other statute. But there has to be an end of the matter some time, and taking these statutes together, we are of the opinion, it was the intention of the Legislature to close up applications for new trials, on account of newly discovered evidence applicable to the claims pending, or known defences, at the close of the year; but that upon the discovery by either party of material new matter, affecting the claim or defence, the same, under certain restrictions, might be produced within three years, and tried.

Under this view of the question, the demurrer was properly sustained to the second paragraph of the complaint; and dispenses with the necessity of our examining the requisites of a complaint for review for material new matter, and how far, if at all, it should conform to the rules that formerly prevailed in regard to bills in chancery upon kindred or similar questions.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Parrett* and *A. Ellison*, for the appellants.

*J. B. Howe*, for the appellees.