## McDade *v*. McDade and Others.

Bill of Review.—A complaint to review a judgment must bring before the court a full record of the proceedings and judgment in the case sought to be reviewed, including the pleadings.

Same.—A complaint by the plaintiff in a proceeding for the partition of lands, to review the judgment rendered in the cause, after alleging facts tending to show that her interest in ,the lands was larger than that awarded to her in the decree of partition, averred that plaintiff took steps to institute proceedings in partition, and that the defendants were summoned, but that she did not file a petition, and that no pleading was ever filed showing the description of the lands or the rights of the parties; but that notwithstanding there was no complaint on file, the court proceeded to decree, &c. A copy of the decree in partition accompanied the complaint for review, from which it appeared that the plaintiff appeared by attorney, and that the infant defendants had answered at the previous term by guardian *ad litem*, &c. The application for a review was put upon the ground that the court had no jurisdiction, because no complaint had been filed.

*Held,* that the complaint was bad, because it did not bring before the court the whole record of the judgment sought to be reviewed.

APPEAL from the *Sullivan* Common Pleas.

Elliott, J.—This was a complaint filed by *Nancy McDade* against *Joseph W. McDade* and others, the children and heirs at law of *Threshley McDade*, deceased, to review a judgment in partition in the Court of Common Pleas of *Sullivan* county.

It was alleged in the complaint that said *Threshley Mc-*

*Dade*, during his lifetime, and the said *Nancy*, who was then his wife, purchased the fourth of a section of land in *Sullivan* county for the sum of four hundred dollars, of which she, said *Nancy*, paid three hundred dollars, "of her own separate money and estate," and the said *Threshley* one hundred dollars; that they also purchased fifty-five acres of another tract, which was described, of one *Taylor*, the whole of the purchase money for which "was paid and furnished by" said *Nancy*, "of her own separate means and estate;" that said *Threshley*, without her personal knowledge or consent, took and received the title papers to all of said lands in his own name; that she and said *Threshley* took possession of said lands, and, by their joint labor, improved the same, so far as improvements were made thereon, until the death of said *Threshley*, on the 9th of *May*, 1865; that she and said *Threshley*, during his lifetime, mortgaged a part of said lands to secure a loan of three hundred dollars, borrowed by him of the school funds of said county, which still remained unpaid.

It was further alleged that said plaintiff, previous to the *December* term, 1865, of said Court of Common Pleas, "took steps to institute such proceedings as might be necessary to determine and quiet the title to said lands, and to partition the same, or such part thereof as the court, upon a full hearing of all the facts, should determine; that said defendants were summoned for that purpose, but that she had not then a full description of said lands, and did not therefore file a complaint or petition, nor did she afterwards file such pleading or cause the same to be done, nor was there any pleading filed in said case showing the description of said lands or the rights and interests of said parties, but that it was her intention to insist upon her rights, as herein set forth, whenever she should file her complaint in said cause;" that notwithstanding there was no complaint or petition on file in that behalf, and no pleading showing the rights and interests of said parties in and to said lands, yet the court, at its *April* term, 1866, "proceeded to, and

did, order, adjudge and decree as to the rights of said parties in and to said lands, and as to the partition as between said plaintiff and the children of said decedent, which yet remains in full force."

A copy of a decree of partition is then set out in the complaint, commencing thus: "*Nancy McDade* v. *Joseph W. McDade et al.*—partition. Comes now the plaintiff, by Mr. *Wolfe*, her attorney, and the defendants, by their guardian *ad litem*, having answered herein at the last term of this court, and it appearing to the court that *Threshley McDade* died seized in fee simple of the following described real estate, to-wit." Then follows a description of the same lands described in said complaint for review, and a finding of the court that the plaintiff was the widow of said decedent and the defendants his children and heirs at law, and that the plaintiff, as such widow, was entitled to one-third of said lands in value, subject to said mortgage of three hundred dollars to the school fund, and that said defendants were entitled to the residue. It also shows the appointment of three freeholders as commissioners to make partition of said lands, according to the respective interests, as found by the court, who afterwards, at the same term, filed a written report of the partition, which was confirmed by the court. The report states, among other things, that the commissioners set off and assigned to said plaintiff, *Nancy McDade*, "in fee simple, fifteen acres lying in a square in the south-east corner of the south-west quarter of the north-east quarter of section 10, township 6, range 8 west, as her full share of said estate, after deducting the amount of a mortgage given by *Threshley McDade* and *Nancy McDade* from her share, or what would have been her share had it not been for such mortgage, and said estate being insolvent."

The errors assigned as a ground of review were that the court had no jurisdiction of said cause, and therefore erred in "adjudicating and determining as to the rights of said parties, without any pleadings setting forth, claiming or

asserting said rights, and in determining that the whole of said three hundred dollar mortgage debt should be paid by said plaintiff, or that the same should be deducted from her interest in said lands."

The court, on motion, struck out all that part of the complaint denying the jurisdiction of the court in the original case, for want of a proper complaint, as being impertinent and repugnant to the records of the court in said cause.

A demurrer was then sustained to the residue of the complaint, and judgment thereon rendered for the defendants. Proper exceptions were taken to the rulings of the court by the plaintiff below, who is the appellant here.

Errors are assigned on the rulings of the court in striking out part of the complaint and sustaining a demurrer to the residue. If the complaint, before any portion of it was stricken out, contained sufficient facts to require a review and reversal of the judgment, in whole or in part, and if the matter stricken out was, in any respect, material to the validity of the complaint, then the court erred in sustaining the motion to strike out such portion of it; but if the part stricken out was immaterial or irrelevant, the court did right in sustaining the motion; or if the part stricken out, though material to the question sought to be raised, was in direct conflict with the record before the court, the record would control the averment, and striking it out as impertinent could not injure the plaintiff on the merits, and hence she would have no cause to complain. And so if the allegations of the complaint, including the matter stricken out, did not constitute a valid cause of action, however pertinent the part stricken out might be to other allegations of the complaint, the judgment should not be reversed for any error of practice in sustaining the motion to strike out, because the plaintiff could not recover without a valid cause of action, and a demurrer to the whole complaint would have been sustained. The case will be disposed of by an examination of it on the last hypothesis.

" A bill of review," says Justice Story, " is in the nature of a writ of error, and its object is to procure an examination and alteration or reversal of a decree made upon a former bill." Story's Eq. Pl., Sec. 403. Under the code, " any person who is a party to any judgment, or the heirs, devisees or personal representatives of a deceased party, may file, in the court where such judgment is rendered, a complaint for the review of the proceedings and judgment, at any time within three years next after the rendition thereof," &c. Section 586. " The complaint may be filed for an error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof, or for both causes, without leave of the court." Section 587.

It is a common principle of pleading and practice applicable to all bills of review, that the complaint must bring before the court a full record of the proceedings and judgment in the case sought to be reviewed, including the original complaint, answer and other pleadings and proceedings in the cause. The English practice is for the decree to embody the substance of the bill, pleadings and answer, but in the courts of this country the decree usually contains a mere reference to the antecedent proceedings, without embodying them. Here, the errors complained of are said to be errors of law appearing in the proceedings, or, in other words, apparent on the face of the record, and it is said that, " for the purpose of examining all errors of law, the bill, answers and other proceedings are, in our practice, as much a part of the record before the court as the decree itself, for it is only by comparison with the former that the correctness of the latter can be ascertained." Story's Eq. Pl., Sec. 407.

The necessity of bringing the entire record of the original suit before the court, in a bill to review the judgment because of errors apparent on the face of the record, is self-evident, for how else could the court determine the question? The existence of such an error must be tried and

determined, not by the mere allegations of the plaintiff in his complaint, but by the record itself, and if such record be not before the court, then how can the question be tried and determined?

This complaint contains a statement which the appellant's counsel, in argument, construes into a direct averment that the court took jurisdiction of the cause and rendered a decree of partition, without any cause of action or complaint of any kind having ever been filed or presented to the court therein, and insists therefore that no record of such a complaint could be shown to the court. It is apparent on the face of the decree of partition, &c., which is incorporated into the complaint, that it does not contain the whole record in the case. It does not purport to do so, but, on the contrary, it shows that at a previous term of the court a guardian *ad litem* filed an answer in the case of some kind, though it does not appear what the answer contained, or to what it was filed. It would be right, in the absence of a contrary showing, to presume that it was filed to something, which in law might require an answer, and to what else under the code than a complaint would an answer in such case be required?

The construction contended for is by no means conclusive, from the language used, independent of other matters, apparent on the face of the complaint, indicating the proper meaning of the averment to be, that no complaint was filed in said cause, showing a description of the land and the rights of the parties, as they are now claimed to be by the complaint for review. In addition to the fact that the record shows that an answer was filed, which would first require a complaint to be answered, the plaintiff admits in the complaint that she intended to file a complaint, claiming what she now asserts to be her interest in said lands; that she took steps to institute such proceedings, and that said defendants were summoned to appear in the court for that purpose. But the code requires a complaint to be filed before process can issue. It is not claimed that the summons was

illegally issued, and how, then, could she procure the defendants to be summoned without having first filed a complaint?

And again, the record shows that the proceedings, whatever they may have been, upon which the decree of partition was rendered, were instituted and prosecuted in her name as plaintiff, and, so far at least as the service of process on the defendants, by her procurement. She does not deny the authority of the attorney named in the record to appear and prosecute the suit, or that it was so prosecuted for her, with her knowledge and by her authority.

In providing for the review of a judgment for errors of law appearing in the proceedings, it was evidently anticipated that the errors complained of would be those committed by the court, without the procurement, and to the injury, of the party complaining, and not such as might be committed at the instance and by the direct procurement of the complaining party, which reason would seem to require that the party should be estopped from asserting. But, without placing the decision on that ground, or deciding the question, it is evident that the whole record in the case sought to be reviewed is not made a part of the complaint, or brought before this court in such form as to show sufficient facts to constitute a valid cause of action, and we cannot, therefore, reverse the judgment. This conclusion renders the examination of a cross-error assigned by the defendants unnecessary.

The judgment is affirmed, with costs.

*J. M. Hanna*, for appellant.

*S. Coulson*, for appellees.