## DAVIS *v.* PERRY ET AL.

PRACTICE.—*Demurrer.*—*Defective Record.*—Where a demurrer has been sustained to a complaint, and the demurrer does not appear in the record, if for any cause reached by demurrer the complaint is defective, the ruling will be affirmed.

REVIEW OF JUDGMENT.—*Complaint.*—*Record.*—A complaint to review a judgment must be accompanied by a full record of the proceedings sought to be reviewed.

SAME.—*Demurrer.*—*Waiver.*—The questions as to the jurisdiction of the court over the subject-matter of the action, and as to the sufficiency of the complaint, are not waived by a failure to make the objection or to except, so as to prevent a review of the proceedings and judgment for either of these causes.

APPEAL from the White Common Pleas.

DOWNEY, J.—This was an action to review a judgment of the same court for alleged apparent errors. Without reciting the pleadings, the facts may be stated as follows: On the 13th day of September, 1865, Perry recovered a judgment against Hauser and wife, foreclosing a mortgage, which they had ex-

ecuted to him on certain real estate to secure the payment of several promissory notes executed by Hauser to Perry, payable without relief from valuation laws. The judgment of the court ascertained the amount due on the notes, directed the sale of the mortgaged premises, without relief from valuation laws, and provided, that if the proceeds were not sufficient to pay the debt and costs, the plaintiff should have execution against any other property of said defendant Hauser, subject to execution. There was no personal judgment against Hauser, unless the latter clause of the judgment amounted to such a judgment. And it was not provided that the property of the defendant, other than the mortgaged premises, should be sold without relief from valuation laws, unless it was to be implied from the fact that the mortgaged premises were to be so sold. The mortgaged premises were sold according to the judgment, but did not produce money enough to pay the debt and costs. The sheriff then advertised and sold another tract of the defendant Hauser's land, without relief from valuation laws, which was purchased by Davis for fifty dollars. Davis paid the amount of his bid and took the sheriff's deed. Perry then instituted a proceeding against Hauser, Davis, and Sill, the sheriff, for the purpose of correcting and extending the judgment so as to make it a personal judgment against Hauser, and to authorize the sale of his property other than the mortgaged premises, without relief from valuation laws, and also to have the sale made by the sheriff to Davis set aside and declared void. No offer was made to refund to Davis the amount paid by him for the real estate purchased by him. There was a motion made by Davis to have this case certified to the circuit court, for want of jurisdiction in the common pleas to try the question of the validity of his title to the real estate purchased by him, which was overruled by the court. Also a demurrer to the complaint, which was also overruled. Judgment was rendered in favor of Perry, correcting and extending the original judgment, so as to make it a personal judgment, and to authorize the sale of

property without relief from valuation laws, and setting aside the purchase made by Davis. On this corrected or modified judgment, Perry took out a new execution, on which he had the sheriff re-sell the land previously purchased by Davis, and he himself became the purchaser thereof.

The case now under consideration was instituted to review and set aside this last judgment; and it is alleged, after reciting the facts, that the judgment is erroneous, because,

First. The title to real estate was in issue, as appears from the complaint of Perry, and, therefore, the court had no jurisdiction.

Second. Because the court overruled the demurrer of Davis to the complaint in that case, the demurrer being to the jurisdiction of the court on account of the title to real estate being in issue.

Third. The court erred in refusing to certify that cause to the circuit court, on account of the title to real estate being in issue.

Fourth. In not making it a part of the judgment, that the said Davis should be placed *in statu quo*, by ordering the payment to him of the fifty dollars which he paid to the sheriff in the purchase of the said real estate.

Fifth. And in sustaining the demurrer to the answer of Davis, in which he alleged that Hauser had notice of the defects in the judgment referred to in the complaint of Perry, and waived said defects, and consented to the sale of said real estate without relief from valuation laws, as though there had been a personal judgment.

The record says that a demurrer was filed by the defendant Perry to the complaint, but it is not set out in the record, and the clerk states, in the part of the record where it should have been set out, that it is "lost or mislaid, and cannot be found." No steps have been taken to supply its place in the record. We cannot, therefore, say what the grounds of objection to the complaint were, or that the demurrer was not properly sustained to the complaint. We

must not be held responsible when counsel submit their records to us with such fatal defects in them.

It is necessary that a complaint to review a judgment under the code, as well as by the former practice in courts of chancery, shall embody or be accompanied by a full record of the proceedings and judgment sought to be reviewed. *McDade* v. *McDade,* 29 Ind. 340.

The complaint in this case does not conform to this rule. We may presume that the demurrer was for this cause, and it was, therefore, properly sustained by the court.   *Crowell* v. *The City of Peru, infra,* on this page.

It is urged by the appellee that the judgment in question cannot be reviewed, because there was no exception to the rulings of the court in that case.   Conceding that this position is correct as to other questions, it cannot be true as to the questions of the jurisdiction of the court of the subject-matter of the action, or that the complaint does not state facts sufficient to constitute a cause of action.   These questions are not waived by failing to make the objection, or to except.   *Train* v. *Gridley,* 36 Ind. 241, and 2 G. & H. 81, sec. 54.

The judgment in this case is affirmed, with costs.

*E. Hughes, A. W. Reynolds, C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellant.

*D. P. Baldwin* and *W. C. Lamb,* for appellees.