HARDY ET AL. *v.* CHIPMAN.

REVIEW OF JUDGMENT.—*Pleading.*—*Complete Record.*—A complaint to review a judgment rendered in a former action is, where errors of law, only, are assigned, in the nature of an appeal from such judgment, and must contain a complete record of all the pleadings and proceedings in such cause.

From the Hamilton Circuit Court.

*D. Moss*, for appellants.

*M. A. Chipman*, for appellee.

NIBLACK, J.—This was a proceeding in the court below, to review a judgment previously rendered in that court, in an action in which the appellee was plaintiff, and the appellants were defendants. A demurrer was sustained to the complaint, to which the appellants excepted.

Error is assigned here, on that action of the court, and thus the sufficiency of the complaint is the only question raised for our consideration.

The complaint purports to set out a record of the proceedings and judgment in the original action, and alleges that certain errors of law appear in such proceedings and judgment. It is, amongst other things, complained that the original complaint did not contain facts sufficient to constitute a cause of action, and that, hence, the court erred in rendering judgment upon it, against the appellants. We can not, however, properly consider the sufficiency of this original complaint, with reference to the proceedings had upon it, because those proceedings are not all before us. From inadvertence or some other cause, transcripts of the trial, of the verdict, of the causes as well as the motion for a new trial, in the original action, and possibly of other matters, are all omitted from, and not contained in, the record of proceedings set out in the complaint in this cause. The original complaint was not demurred to, and, although it may have been defective, a matter about which we do not now inquire, and consequently do not express any opinion, its

defects may have been cured by the verdict. But the verdict is not before us, and we can not, hence, judge what defects it may have cured, or was capable of curing. See *Taylor* v. *Short*, 40 Ind. 506.

In *McDade* v. *McDade*, 29 Ind. 340, the court said, " it is a common principle of pleading and practice applicable to all bills of review, that the complaint must bring before the court a full record of the proceedings and judgment in the case sought to be reviewed, including the original complaint, answer and other pleadings and proceedings in the cause."

To the same effect is the case of *Davis* v. *Perry*, 41 Ind. 305. See, also, Story Eq. Pl., sections 403–407. The rule thus laid down is founded in reason and firmly supported by both precedent and authority. Justice Story has said that " a bill of review was in the nature of a writ of error," and we may add, that, under our code of civil procedure, it is, when errors of law only are assigned, in the nature of an appeal. The necessity, therefore, of bringing the entire record of the original suit before the court, in a bill for the review of a judgment for alleged errors appearing on the face of the record, is just as apparent and just as self-evident as it is that a complete record of a cause should be filed in this court, when the cause has been appealed from an inferior court.

On account of the omissions, in the record of the proceedings of the original suit, above indicated, it is very clear to us that the complaint in this action is fatally defective, and that the court below did not err in sustaining a demurrer to it.

The judgment is affirmed, with costs.