## GOAR ET AL. *v.* CRAVENS ET AL.

REVIEW OF JUDGMENT.—*Pleading.*—*Complete Record.*—A complaint to review a judgment for alleged error of law, apparent on the face of the record, must contain a complete record of all the pleadings and proceedings of the cause wherein such judgment was rendered.

SAME.—*Errors must have been Excepted to.*—Where such complaint to review does not show that exceptions were duly taken to the errors alleged, it is insufficient on demurrer.

From the Tipton Circuit Court.

*J. W. Robinson, N. R. Overman, R. B. Beauchamp* and *G. Gifford,* for appellants.

*J. Green, D. Waugh, J. Waugh* and *N. R. Linsday,* for appellees.

Howk, J.—The appellants, as plaintiffs, commenced this action against the appellees, as defendants, in the court below, to obtain the review of a certain judgment before that time rendered by said court, in favor of the appellee Cravens, and against the appellants and the appellee John M. Harmon, who refused to join with the appellants in this appeal.

Appellants' complaint in this case was in four paragraphs, but the grounds of complaint in each paragraph were alleged errors of law appearing in the proceedings and judgment sought to be reviewed.

The appellee Cravens demurred to each paragraph of the complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrers were each sustained by the court below, and to these decisions the appellants excepted. And the appellants failing to amend or plead further, judgment was rendered on the demurrers in favor of the appellee Cravens, and against the appellants and the appellee Harmon.

The appellants have assigned as errors, in this court, the decisions of the court below in sustaining the demurrers of the appellee Cravens to the several paragraphs of this complaint.

It seems to us, that it would be a waste of time and labor to set out in this opinion even the substance of the several paragraphs of the appellants' complaint.

In the proceedings and judgment sought to be reviewed, in so far as the same were made parts of appellants' complaint, not a single exception had been saved by the appellants, or by any one in their behalf, to any

of the alleged errors of·law, which, it was claimed, were apparent in said proceedings and judgment.

But the most serious objection to the appellants' complaint in this cause, and the one which rendered every paragraph thereof alike fatally defective on appellee's demurrer, was its failure to " bring before the court a full record of the proceedings and judgment in the case sought to be reviewed, including the original complaint, answer, and other pleadings and proceedings in the cause." *McDade* v. *McDade*, 29 Ind. 340. *Davis* v. *Perry*, 41 Ind. 305 ; *Owen* v. *Cooper*, 46 Ind. 524 ; *Kitch* v. *The State, ex rel., etc.*, 53 Ind. 59 ; *Weathers* v. *Doerr*, 53 Ind. 104 ; *Hardy* v. *Chipman*, 54 Ind. 591.

We hold, therefore, that no error was committed by the court below, in sustaining the appellee's demurrers to the appellants' complaint, and to each paragraph thereof.

The judgment of the court below is affirmed, at the appellants' costs.