Comer *et ux. v.* Himes *et al.*

---

COMER ET UX. *v.* HIMES ET AL.

| 58 | 573 |
|----|-----|
| 142 | 137 |
| 58 | 573 |
| 148 | 430 |
| 58 | 573 |
| 156 | 80 |

REVIEW OF JUDGMENT.—*Complaint.*—*Pleading.*—In an action to review a judgment, the complaint must set out a full copy of all the pleadings and proceedings in the cause resulting in such judgment.

From the Howard Circuit Court.

*J O'Brien* and *N. R. Linsday*, for appellants.

*M Bell* and *M. McDowell*, for appellees.

NIBLACK, J.—The complaint represents that Isaac Himes, Lewis Himes, Samuel Himes, George W. Himes, Timothy. L. Himes, Samuel Boyne, Jefferson Boyne and Jacob Boyne, the appellees, at the December term, 1872, of the court below, recovered a judgment against James Comer and Mary Comer, his wife, the appellants, for the recovery of, and quieting the title to, a certain tract of land in Howard county. See *Comer* v. *Himes,* 49 Ind. 482.

The complaint further represents, that the appellants, believing at the time that they had no valid defence to the action, suffered said judgment to be entered against them by default; that, since the recovery of said judgment, the appellants have discovered material new matter, constituting a defence to the action in which such judgment was recovered, and a review of the proceedings and judgment is prayed, so that the appellants may be permitted to set up such material new matter in defence of that action.

A demurrer was sustained to the complaint, for want of sufficient facts, and there was judgment on the demurrer.

The complaint in the case at bar sets out the complaint in the proceedings sought to be reviewed, the summons, with the service thereon, the finding of the court and the judgment, but does not include, or in any other manner exhibit, any intermediate proceedings, between the service of the summons and the finding of the court. Nothing is shown supporting the averment that default was made in that action by the appellants. Neither is any thing shown as to how the cause came to be submitted to the court for its finding. For aught that appears in the proceedings set out, that cause may have been tried on issues formed between the parties.

In fact, the complaint seems not to purport to set out, and is not accompanied by a copy of, the full proceedings sought to be reviewed, and, on account of the very apparent omission to set out material portions of those proceedings, we must infer that they are not fully exhibited by the complaint.

We are of the opinion, that the complaint is insufficient, and that the court below did not err in sustaining the demurrer to it. *McDade* v. *McDade*, 29 Ind. 340; *Davis* v. *Perry*, 41 Ind. 305; *Owen* v. *Cooper*, 46 Ind. 524; *Hardy* v. *Chipman*, 54 Ind. 591; *Goar* v. *Cravens*, 57 Ind. 365.

The judgment is affirmed, at the costs of the appellants.