## WORLEY ET AL. *v.* THE TOWN OF ELLETTSVILLE ET AL.

REVIEW OF JUDGMENT.—*New Matter.*—*Curative Statute.*—The " new matter " contemplated by sections 587 and 588 of the code, for which a review of a judgment may be had, does not include new matter of law enacted subsequent to the rendition of judgment, such as a curative statute.

SAME.—*Complaint for Review.*—The complaint, in an action for review of a judgment, should set out a complete record of the cause in which such judgment was rendered.

From the Monroe Circuit Court.

*W. C. L. Taylor*, for appellants.

*E. K. Miller*, for appellees.

BIDDLE, C. J.—On the 31st day of December, 1874, the appellants, by the consideration of the Monroe Circuit Court, obtained judgment against the appellees, perpetually enjoining the collection of certain taxes assessed against the appellants.

This action is brought to review that judgment, for new matter discovered since its rendition ; and the new matter so discovered is the act of March 9th, 1875, legaliz-

ing the assessment of taxes in certain cases. Acts Reg. Sess. 1875, p. 145.

A demurrer to the complaint, for the alleged want of facts sufficient to constitute a cause of action, was overruled, and exceptions reserved.

The appellants refused to answer further, and the court rendered judgment against them on the demurrer.

Overruling the demurrer to the complaint presents the only question in the case.

We are of opinion, that the " new matter " contemplated by sections 587 and 588 of the code of procedure, 2 R. S. 1876, p. 249, means new matter of fact material to the case in which the judgment sought to be reviewed was rendered, and which existed before the judgment was rendered, and does not include new matter of law subsequently enacted. *Hall* v. *Palmer,* 18 Ind. 5; *Nelson* v. *Johnson,* 18 Ind. 329.

It is not pretended in this complaint, that there is any error of law appearing in the proceedings and judgment which it seeks to review. *Fleming* v. *Stout,* 19 Ind. 328. Nor does the complaint pretend to set out a complete record of the former action. *Kitch* v. *The State,* 53 Ind. 59; *Hardy* v. *Chipman,* 54 Ind. 591.

We think the complaint is insufficient. The demurrer to it should have been sustained.

The judgment is reversed, at the costs of the appellees, and the cause remanded with instructions to sustain the demurrer to the complaint, and for further proceedings.