## WHITEHALL *v.* CRAWFORD ET AL.

REVIEW OF JUDGMENT.—*Complaint.—Limitation.—Legal Disabilities.— Demurrer.*—The fact that a complaint for review of a judgment shows, upon its face, that it was not filed within three years after rendition of the judgment, does not render the complaint insufficient on demurrer, where it does not also affirmatively show that the plaintiff was not under legal disability to sue.

SAME.—Such a complaint is bad on demurrer, for want of a complete record of such judgment.

SAME.—*Material New Matter.*—A complaint for review, for material new matter, which does not allege the plaintiff's ignorance of the new matter until after rendition of the judgment, and that he could not have discovered it by reasonable diligence, or which discloses that he was aware of it, before rendition of the judgment, is insufficient.

From the Montgomery Circuit Court.

*W. H. Mallory, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*T. F. Davidson* and *J. Buchanan,* for appellees.

BIDDLE, J.—Complaint by the appellant, against the appellees, to review a judgment for alleged material new matter discovered since its rendition.

Demurrer to the complaint, for the alleged insufficiency of the facts stated, sustained.

The parties stood by their pleadings, and the court rendered judgment against the appellant, on demurrer.

The complaint · is entitled : " In Fountain Common Pleas, May term, 1872." How it came into · the Montgomery Circuit Court does not appear by the record. The first entry in reference to the complaint, so far as the record shows us, was made May 15th, 1874. We can know nothing of it, therefore, previously to that date. The judgment sought to be reviewed was rendered May 18th, 1870.

The appellees insist, as the complaint shows on its face that it was not filed within three years after the rendition of the judgment sought to be reviewed, according to sec. 586, 2 R. S. 1876, p. 247, that it is demurrable on that ground ; but, as the complaint does not show that the appellant was not under legal disability, as contemplated by that section, the point can not be reached by demurrer.

Some fatal defects, however, are apparent upon the face of the complaint. It does not set out a complete record of the judgment which it seeks to review ; indeed, it shows affirmatively that the record is not complete. It does not contain the motion for a new trial, nor the causes assigned for it, nor a certain bill of exceptions taken by the appellant, all of which seem to have been filed and made a part of the record.

The facts alleged as the material new matter discovered after the judgment was rendered appear to have existed before the trial, and no reason is shown why they were not known to the appellant before that time, and set up as a defence at the trial ; indeed, it appears affirmatively, that certain facts set out as material new matter, as the amount of certain judgments and the contents of a written agreement, were known to the appellant before the trial.

These defects seem to us so plain that we feel excused from setting out the complaint in full, which, from its great length, would be impracticable.

The following authorities settle the practice in this State, under our code, in reviewing judgments by complaint, and show that the above defects are fatal : *Simpkins* v. *Wilson*, 11 Ind. 541 ; *Hall* v. *Palmer*, 18 Ind. 5 ; *Nelson* v. *Johnson*, 18 Ind. 329 ; *Quick* v. *Goodwin*, 19 Ind. 438 ; *McDade* v. *McDade*, 29 Ind. 340 ; *Ham* v. *Greve*, 34 Ind. 18 ; *Webster* v. *Maiden*, 41 Ind. 124 ; *Davis* v. *Perry*, 41 Ind. 305 ; *Owen* v. *Cooper*, 46 Ind. 524 ; *Comer* v. *Himes*, 49 Ind. 482 ; *Gregg* v. *Louden*, 51 Ind. 585 ; *Hardy* v. *Chipman*, 54 Ind. 591 ; *Goar* v. *Cravens*, 57 Ind. 365 ; *Barnes* v. *Dewey*, 58 Ind. 418 ; *Comer* v. *Himes*, 58 Ind. 573 ; *Collins* v. *Rose*, 59 Ind. 33 ; *Worley* v. *The Town of Ellettsville*, 60 Ind. 7 ; *Harlen* v. *Watson*, 63 Ind. 143 ; *Doherty* v. *Chase*, 64 Ind. 73.

The judgment is affirmed, at the costs of the appellant.