## Davis v. Binford et al.

REVIEW OF JUDGMENT.—*Complaint.*—A complaint to review a judgment must set out a full and complete record of the pleadings filed, proceedings had and judgment rendered in the cause sought to be reviewed.

From the Henry Circuit Court.

*S. A. Huff, B. F. Davis* and —— *Iseminger*, for appellant.

*W. March* and *W. R. Hough*, for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, to obtain the review of a judgment of the Henry Circuit Court, recovered by the appellees in a former action against them by the appellant in this case. To the appellant's complaint for review, in the case now before us, the appellees demurred upon several grounds of objection, which demurrer was sustained by the court, and to this decision the appellant excepted; and, failing to amend or plead further, judgment was rendered against him, for the appellees' costs.

From this judgment, this appeal is prosecuted in this court; and the appellant has here assigned, as error, the decision of the circuit court in sustaining the appellees' demurrer to his complaint for review.

This complaint is exceedingly long, and it is so radically and fatally defective in its allegations of fact, as it seems to us, that we will not attempt to set it out in this opinion. It appears from this complaint, that the appellant in this case had appealed from the judgment sought to be reviewed to this court, and that, on that appeal, that judgment had been affirmed by the judgment of this court. The opinion and decision of the court on that appeal are reported under the title of *Davis* v. *Binford*, 58 Ind. 457, and we refer the curious reader to the opinion of BIDDLE, C. J., in that case, for a summary of the facts and history of the cause, and for the grounds on which the judgment was then and there affirmed. It will be seen, from the opinion of the court in that case, that the motion for a new trial therein had not been filed until the next term of the court after the trial of the cause; and it was then held by the court, that the motion for a new trial came too late and was not properly in the record. This

decision of the court the appellant seeks to be relieved of, upon the ground chiefly that it resulted from the mistake and error of the court below, and not from his fault or negligence.

There are several objections urged by the appellees' counsel to the sufficiency of the appellant's complaint for review, in the case at bar, under their demurrer thereto for the want of facts. The most serious objection to this complaint, and the one which rendered it fatally defective and insufficient, as it seems to us, on the appellees' demurrer thereto, was its utter failure to bring before the court a full and complete record of the judgment and proceedings in the case sought to be reviewed, including the complaint, answer and other pleadings and proceedings in the original cause. It has been often decided by this court, and we think correctly so, that such a record of the original cause was an indispensable part of a complaint for review. *McDade* v. *McDade*, 29 Ind. 340; *Davis* v. *Perry*, 41 Ind. 305; *Owen* v. *Cooper*, 46 Ind. 524; *Weathers* v. *Doerr*, 53 Ind. 104; *Hardy* v. *Chipman*, 54 Ind. 591; *Goar* v. *Cravens*, 57 Ind. 365.

The appellees' counsel also insist, that as the complaint for review showed upon its face that the appellant had prosecuted an appeal to this court from the judgment sought to be reviewed, where such judgment had been affirmed, he could not afterward prosecute a suit for the review of such affirmed judgment; and for this reason it is claimed that the demurrer to the complaint for review was correctly sustained. In the case of *The Indiana M. F. Ins. Co.* v. *Routledge*, 7 Ind. 25, it was held by this court that, where a party to a judgment had prosecuted to final determination an action for the review of such judgment, in the court wherein it was rendered, he could not afterward prosecute an appeal from the same judgment to this court.

The case cited would seem to sustain the position as-

sumed by appellees' counsel in the case now before us; but the point is one which we need not now decide.

For the reason first given, we are clearly of the opinion that the court did not err in sustaining the appellees' demurrer to appellant's complaint for review.

The judgment is affirmed, at the appellant's costs.