No. 7929.

STEVENS *v.* THE CITY OF LOGANSPORT.

REVIEW OF JUDGMENT.—*Complaint.—Record.*—It is sufficient in a complaint for review to set out so much of the record as would be necessary in case of a direct appeal. Irrelevant parts should be omitted.

VERDICT.—*Answers to Interrogatories.—Evidence.*—The general verdict must prevail, if reconcilable with the answers to interrogatories upon any state of facts provable under the issues in the case; what was in fact proven, is immaterial.

SAME.—*City.—Defective Street.—Remote and Proximate Cause.—Contributory Fault.*—In an action for damages against a city for injury received by falling into a dangerous excavation in a street negligently permitted by the city to remain unguarded, a special finding by the jury "that in the night time, when it was too dark to see the street where the injury occurred, the plaintiff, not being familiar with the locality, made a rapid succession of long steps or leaps, of from six to ten feet each, in crossing the street or road, alighting in the ditch and thereby causing the injury," is not inconsistent with a general verdict for plaintiff.

SAME.—*Question of Fact.*—Whether, upon the facts specially found, the plaintiff was in fault, was a question of fact to be determined in the light of all the circumstances; and the fact is determined by the general verdict in plaintiff's favor.

From the Cass Circuit Court.

*S. T. McConnell*, for appellant.
*D. C. Justice* and *Q. A. Myers*, for appellee.

WOODS, J.—Action by the appellant to review a judgment. The circuit court sustained a demurrer to the complaint, for the want of facts, and, the appellant declining to amend, gave judgment for the appellee.

The complaint in the original action charged, in substance and with sufficient particularity, that the appellant, who was a resident and practicing physician and surgeon in said city of Logansport, while going to visit a patient, without fault of his own, had fallen into a deep and dangerous ditch, drain or gutter, which, with due notice, the appellee had negligently permitted to be and remain in one of the streets of

the city, in an unguarded and dangerous condition, and by reason of said fall had suffered certain bodily injuries.

Issue was joined upon this complaint by an answer in general denial, and by a plea which was designed to show contributory negligence on the part of the appellant. There was a trial by jury, which returned a general verdict for the plaintiff, assessing his damages at the sum of $230, and the following answers to interrogatories:

"1st. Was the plaintiff, Stevens, familiar with the locality where the injury occurred? Ans. No.

"2d. Was not the night the injury occurred too dark to see the condition of the street or road, at the place where the plaintiff was injured? Ans. Yes.

"3d. Did not the plaintiff make a rapid succession of long steps or leaps, of from six to ten feet each, in crossing the street or road, and alight in the ditch, and thereby cause the injury? Ans. Yes."

Upon these special answers, notwithstanding the general verdict for the appellant, the court gave judgment for the appellee. The appellant saved an exception, and upon this ground alone based his claim for a review.

The appellee makes the preliminary point, that the complaint is defective, because it does not set forth a complete transcript of the record of the action and judgment sought to be reviewed. The alleged omissions are the evidence and instructions Nos. 2, 3 and 5, asked by the defendant.

A copy of the record averred to be complete, is made a part of the complaint. There is nothing to show that the evidence in the case was made a part of the record. There is a bill of exceptions which states that the court refused to give said instructions, and the place for them in the bill is indicated by a "here insert," but copies are not given in the transcript filed with the complaint.

The rule has been often declared, that a complaint to review a judgment on account of error apparent on the face of

the record, must bring before the court a full record of the proceedings and judgment, including the pleadings, sought to be reviewed. *McDade* v. *McDade*, 29 Ind. 340 ; *Davis* v. *Perry*, 41 Ind. 305 ; *Owen* v. *Cooper*, 46 Ind. 524 ; *Kitch.* v. *The State, ex rel.*, 53 Ind. 59 ; *Hardy* v. *Chipman*, 54 Ind.. 591 ; *Worley* v. *The Town of Ellettsville*, 60 Ind. 7. An examination of these cases will show that in each the omitted parts of the record were material, as being more or less relevant to the alleged errors upon which the prayer for a review was predicated.

The reason given for this rule so declared is, that the complaint for a review, under the code, for error apparent in the record, is in the nature of an appeal, just as in equity "a bill of review was in the nature of a writ of error." The question must be tried by the record of the case to be reviewed, and hence the same necessity for the presentation of a complete record, as in case of an appeal. Tried by this test, the complaint under consideration is good. The point to be decided, on the error assigned, can in no manner be affected by the parts of the record which, it is claimed, have been omitted. The pleadings, verdict, answers to interrogatories, the motion of the appellee for judgment *non obstante*, the ruling of the court thereon, the appellant's exception, the final judgment, and the docket entries in relation thereto, are all set out, and are the only parts of the record which can be deemed relevant to the question presented for decision. Nothing more would have been necessary in case of a direct appeal ; and there is no good reason for requiring more in the complaint for review. The entire bill of exceptions, on which the objection rests, is irrelevant and immaterial, and might well have been omitted.

It would be an expensive and needless incumbrance upon the proceedings to review to require that any and all matters which, during the progress of a trial, had been made a part of the record by bill of exceptions, or otherwise, must neces-

sarily be brought into a complaint for a review, no matter how irrelevant to the questions to be decided. The reason for the rule furnishes a safe and easy guide to its meaning and application. Whatever would be a sufficient record on appeal, is sufficient for a review.

This brings us to the consideration of the principal question, namely: Was the appellee entitled in the original action to a judgment on the facts specially found, notwithstanding the general verdict in favor of the appellant?

The rule is settled by a long and unvarying line of decisions, that the general verdict shall not be controlled by the answers to interrogatories, if reconcilable therewith upon any supposable state of facts provable under the issues in the case. *Higgins* v. *Kendall*, 73 Ind. 522.

It necessarily follows that, in considering whether the facts specially found are irreconcilable with the general verdict, no reference can be made to the evidence actually adduced on the trial. The question to be decided is not whether, in the light of the evidence adduced, the general verdict is inconsistent with the facts found; the remedy in case of such an inconsistency is a new trial. But, upon the motion for judgment *non obstante*, the general verdict prevails over the special findings, if there could have been, under the issues, proof of supposable facts, not inconsistent with those specially found, sufficient to sustain the general verdict; or, in other words, sufficient to reconcile the general verdict with the special answers.

In the case before us two propositions are advanced in support of the decision of the circuit court: *First*, that the answer to the third interrogatory shows that the appellant caused his own injury; and, *second*, that the answers to all the interrogatories together show contributory negligence on the plaintiff's part.

Under the first proposition, the counsel for the appellee have collected, to a considerable extent, the learning of the

books in relation to remote and proximate causes; and, assuming that the word *cause* was used in the third interrogatory in a technical legal sense, and was so understood and answered by the jury, they interpret the answer as meaning that the conduct of the plaintiff was the sole proximate cause of his injury; and that the ditch into which he fell was not a cause of the injury, but only a condition of things which enabled the plaintiff to hurt himself, and furnished no more ground for liability on the part of the city than if the plaintiff, in the darkness, had jumped against a tree instead of into the ditch.

We do not concur in this construction of the finding. It is established by the general verdict, that there was, as is charged in the complaint, a deep and dangerous ditch, drain or gutter at the place of the accident, and that, after notice of its existence, the city had permitted it to remain in its dangerous condition. In other words, the negligence charged against the city is established by the verdict. The plaintiff, crossing the street in the manner shown, fell into the ditch, and thereby *caused* the injury; but this plainly means no more than that the injury was the result of his falling, or alighting in the ditch in the manner stated. The ditch, for which the city is shown to have been responsible, was a present operative cause in producing the injury, and so the falling or springing of the plaintiff into the ditch was an immediate operative cause. The case, therefore, comes not to a question of remote and proximate causes, but to the inquiry whether the injury complained of was in whole or in part the result of the plaintiff's own negligence.

Reduced to a simple statement of the facts, the answers to interrogatories show, that, in the night time, when it was too dark to see the street where the injury occurred, the plaintiff, not being familiar with the locality, did make a rapid succession of long steps or leaps, of from six to ten

feet each, in crossing the street or road, and alight in the ditch and thereby cause the injury.

It is not a necessary legal inference from these facts, that the appellant was in fault. He was not familiar with the locality at the time of the accident; that is, he did not know it well, as if, for instance, it had been near his own residence, or as if he had been accustomed to pass it daily, but he may have had a general knowledge of the street in that locality before it was suffered to get out of order, and may have known that it had been theretofore in good condition, and free from any such danger as he then encountered. But, even if he possessed no knowledge of its previous condition, he had a right to presume that the street was in reasonably safe order, and that, in crossing it, he would not incur unusual risks, or meet obstructions inconsistent with the safety of those who in the ordinary ways use a frequented street. That it was or had been such a street may be presumed in support of the verdict. Whether the appellant was justifiable in attempting to cross the street in the manner stated, depended on the circumstances and motive or necessity which impelled him. If men of ordinary prudence and caution, under the same circumstances, would have done the same thing, he was not in fault for doing it; and this was a question of fact for the jury which, it must now be presumed, they found correctly. It certainly can not be judicially declared, that, under no conceivable circumstances, could a man, especially a physician or surgeon in the discharge of professional duty, be called upon to act, and be justified in acting, as the plaintiff is shown to have done in this instance. It follows that the court erred in giving judgment for the appellee.

The judgment is therefore reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint.