Kiley *et al.* *v.* Murphy.

◆

No. 814.

Kiley et al. *v.* Murphy.

Judgment.—*Action to Review.—Demurrer to Complaint.—When Judgment Should Follow Ruling on Demurrer.*—Where a proceeding is instituted to review a judgment, and a demurrer is filed to the complaint therein, the ruling on the demurrer to the complaint to review raises every question presented for review, and if the copy of the record and proceedings is complete and true, judgment should follow the ruling of the court upon demurrer, unless the de-

Kiley *et al. v.* Murphy.

fendant answers matter arising after the rendition of the judgment, or such errors as would have been available as cross-errors on appeal.

SAME.—*Action to Review.*—*Defenses.*—In an action to review a judgment for errors of law appearing on the face of the record, the defendant can answer any other error apparent on the face of the record which, if assigned as cross-error on appeal, would result in an affirmance of the judgment; or he may answer such defenses as the statute of limitation, the pendency of an appeal from the judgment, payment, or he may deny that the record set out in the complaint is a correct and complete copy of the record sought to be reviewed.

SAME.—*Review of.*—*Venue.*—*Complaint Must Bring Complete Record.*—An action to review a judgment must be brought in the court in which the judgment was rendered, and the complaint must bring before the court a full and complete record of the judgment and proceedings sought to be reviewed; and only such defenses are permissible as would be available on appeal from the original judgment.

RECORD.—*Motions and Rulings thereon.*—*How Made Part of Record.*—*Practice.*—Motions to strike out, as well as the rulings of the court thereon, are made part of the record only by proper bill of exceptions or by order of the court.

APPELLATE COURT.—*Jurisdiction.*—*Review of Judgment.*—The Appellate Court has jurisdiction of an appeal from a proceeding in review of judgment, where it would have had jurisdiction had an appeal been prosecuted from the original judgment reviewed.

From the Grant Circuit Court.

*J. A. Kersey,* for appellants.

*J. T. Strange, E. A. Huffman* and *H. B. Shively,* for appellee.

Ross, J.—The complaint filed in this case was to review the judgment and proceedings of the Grant Circuit Court, in an action brought by the appellee against the appellants, wherein judgment had been rendered in favor of the appellants, the appellee seeking the review.

Counsel have argued, at great length, several questions presented by the record, which precede the questions arising upon the complaint, but the view we take of the record and proceedings does not require us to examine and pass upon such questions.

Kiley *et al. v.* Murphy.

The court below, as well as counsel, considered this as an original and independent action, and in that view the parties made issues, submitted the cause to the court for trial, and the court, after hearing evidence, at the request of the appellants, made a special finding of the facts, with conclusions of law thereon, and, after overruling a motion, made by appellants, for a new trial, rendered judgment in favor of the appellee on its special finding of facts, but did not reverse or set aside the judgment rendered in favor of the appellants on the special verdict in the original cause.

The complaint in this case was to review on account of errors of law apparent on the face of the record, and in order to be sufficient it must show such error as would authorize this court to reverse the judgment had an appeal been perfected. *Richardson* v. *Howk,* 45 Ind. 451; *Rice* v. *Turner,* 72 Ind. 559; *American Ins. Co.* v. *Gibson,* 104 Ind. 336; *Baker* v. *Ludlam,* 118 Ind. 87.

The errors for which a review is sought are as follows:

"1st. The court erred in overruling plaintiffs' motion for judgment on said special verdict.

"2d. The court erred in sustaining the defendant's motion for judgment on said special verdict.

"3d. The court erred in rendering judgment for the defendants on said special verdict."

These assignments call in question the correctness of the ruling of the court in the rendition of the judgment, and nothing more.

If the copy of the record and proceedings, with the complaint, is a complete and true copy, the ruling on the demurrer to the complaint to review raised every question presented by the assignment of error for review, and judgment should have followed the ruling of the court

VOL. 7—16

upon the demurrer, unless the appellant answered matters arising after the rendition of the judgment, or such errors as would have been available as cross-errors on appeal.

When a complaint is filed to review for errors of law apparent on the face of the record, the defendant can answer any other error apparent on the face of the record, which, if assigned as cross-error on appeal, would result in an affirmance of the judgment; or he may answer such defenses as the statute of limitation, the pendency of an appeal from the judgment, payment, or he may deny that the copy of the record set out in the complaint is a correct and complete copy of the record sought to be reviewed. *Buscher* v. *Knapp, Admr.*, 107 Ind. 340.

The appellant insists that the court erred in sustaining the demurrers to the second and third paragraphs of his answer.

An action to review a judgment must be brought in the court in which the judgment was rendered. Section 615, R. S. 1881; *Jones* v. *Ahrens*, 116 Ind. 490.

A complaint for review must bring before the court a full and complete record of the judgment and proceedings sought to be reviewed. *McDade* v. *McDade*, 29 Ind. 340; *Comer* v. *Himes*, 58 Ind. 573; *Whitehall* v. *Crawford*, 67 Ind. 84.

The second paragraph of the answer purports to be a plea of *nul tiel* record. In this answer, the appellant avers that the copy of the record is incorrect, because certain parts thereof had been stricken out by drawing a pen through such parts, and that the parts thus eliminated are essential, and that said parts so stricken out "state, among other things, that at the trial of said cause the plaintiff moved the court to strike out part of the testimony given therein, and said pretended transcript does not contain said motion, nor any matter stating what disposition was

made thereof, or what ruling, if any, the court made thereon.''

The copy of the record filed with the complaint does not show on its face that it is incomplete, and this answer does not show wherein it is deficient. The allegation that a motion was made to strike out part of the testimony, and that the record does not set out said motion or show any ruling thereon, does not show the copy of the record to be incorrect or incomplete. Motions to strike out, as well as the rulings of the court thereon, are made part of the record only by proper bill of exceptions or by order of the court. If this motion, together with the court's ruling thereon, were not made part of the record by bill of exceptions or order of the court, they were not part of the record. *Balue* v. *Richardson*, 124 Ind. 480.

As to the sufficiency of the third paragraph of the answer, counsel for appellants says: ''The third paragraph of appellants' answer to appellee's amended complaint for review is in the nature of a cross-assignment of errors. It avers that on appellee's objection the court, in the trial of cause No. 3170, excluded certain testimony, offered by appellants, to prove the damages averred in their answer in that case, and averring facts showing the admissibility of such evidence, that it was true, and that if it had been admitted it would have shown that appellants did not owe appellee anything whatever. This does not appear by a bill of exceptions, because, as is very natural, when the court which tried cause No. 3170 came to the conclusion that the special verdict therein would not justify a judgment in favor of appellee, and rendered judgment for appellants, they would not be very likely to disturb themselves much about bills of exceptions.''

Simply to quote the reasoning of counsel is all that

need be said concerning this answer, because it is seen
at once that appellants seek to take advantage of some-
thing which is not in the record, and not there because
they failed to have it made part of the record.

By the supplemental answer filed by appellants, they
sought to raise issues and make a defense which was
available only in the original action. This they could
not do, either on appeal or in an action to review. Such
defenses only were proper as would have been available
in this court had an appeal been taken from the original
judgment instead of a review sought.

The first paragraph of the answer was a general denial,
and, like a joinder in error on appeal, simply denies the
errors assigned, upon which a review is asked. This
paragraph raised no question in this case not presented
by the demurrer to the complaint. But one question,
therefore, is presented by this appeal, namely:  Did the
complaint state facts sufficient?

The complaint for review contains a copy of the plead-
ings, judgment, and proceedings in the original action,
from which we find the original complaint to be a suit
upon an account for a certain amount of broken stone
sold and delivered by appellee to the appellants. Sev-
eral issues were formed by special answers. The case
was tried by a jury and a special verdict returned, show-
ing a balance due the appellee of six hundred and eight
dollars and eighty cents. Upon the special verdict,
however, the court rendered judgment for the appellants.
The facts found in the special verdict were sufficient to
have supported a judgment thereon for the appellee, and
the court erred in rendering judgment for the appel-
lants.

In this case the court should have entered judgment
for the appellee upon its ruling on the demurrer to the
complaint.

Counsel for both sides have filed very able and exhaustive briefs, in which many questions are discussed, which it is unnecessary to examine and decide on this appeal. And while we do not fully approve the manner in which judgment was entered in this case, we think the right result has been reached, and for that reason will not reverse the cause for technical errors of practice which do not go to the merits of the controversy.

Judgment affirmed.

Filed May 11, 1893.

## ON PETITION FOR A REHEARING.

Ross, J.—The appellants file a motion which they denominate a "motion to vacate judgment and remand cause," in which it is urged that this "court has no jurisdiction of appeals from a judgment's review," the Supreme Court alone having such jurisdiction.

Motions such as this is denominated are unknown to the practice in this court, after the case has been decided, but we will recognize it as a petition for a rehearing, and so consider it.

The judgment reviewed by the court below was rendered in an action brought by the appellee against the appellants to recover a balance of about eleven hundred dollars due upon an account for broken stone sold and delivered by him to them. Upon a trial of the cause, the jury returned a special verdict, assessing appellee's damages at six hundred and eight dollars and eighty cents. Upon the special verdict, the court, instead of rendering judgment in favor of the appellee, gave the appellants judgment.

The original action being simply an action to recover money, and the amount in controversy being less than thirty-five hundred dollars, if an appeal had been taken from that judgment, this court alone would have had

jurisdiction of such appeal.  The appellee, however, instead of taking an appeal, sought a review of the judgment for errors apparent on the face of the record.

Proceedings brought to review a judgment are merely an incident to, and part of, the original action, and not a separate and independent action.  If this court had jurisdiction, which can not well be questioned in this case, had an appeal been taken from the original judgment, proceedings to review would not divest it of that jurisdiction.

Petition overruled.

Filed June 24, 1893.